ERWIN *v.* ST. JOSEPH'S MERCY HOSPITAL OF DETROIT.

1. CHARITIES—HOSPITALS—TORTS—MALPRACTICE.
   A hospital organized and operated for eleemosynary and charitable purposes is immune from tort liability for malpractice by its resident physician and nurses upon patient brought to it after suffering injuries in an accident.

2. COURTS—PRECEDENTS—IMMUNITY OF CHARITABLE HOSPITALS FROM TORT LIABILITY.
   The doctrine of immunity of charity hospitals from tort liability should not be changed by the court.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted October 6, 1948. (Docket No. 29, Calendar No. 44,160.) Decided November 12, 1948.

Case by Estate of Frank Erwin, deceased, by Blanche Erwin, administratrix, against St. Joseph's Mercy Hospital of Detroit and another for damages resulting from malpractice. Case dismissed on motion as to defendant Hospital. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am. Jur., Charities, § 144; 26 Am. Jur., Hospitals and Asylums, § 13.

[1] Liability of privately conducted charity for personal injuries, 14 A.L.R. 572; 23 A.L.R. 923; 30 A.L.R. 455; 33 A.L.R. 1369; 42 A.L.R. 971; 62 A.L.R. 724; 86 A.L.R. 491; 109 A.L.R. 1199, and 133 A.L.R. 821.

[2] 14 Am. Jur., Courts, § 44.

*Kinney & Willard,* for plaintiff.

*Crawford, Sweeny & Dodd* and *Monaghan, Hart & Crawmer,* for defendant.

Sharpe, J. This is an action for damages brought by the estate of Frank Erwin, deceased, for the death of Frank Erwin against St. Joseph's Mercy Hospital of Detroit and Charles Berger, M. D., defendants.

In December, 1947, plaintiff filed her declaration in which it is alleged that the St. Joseph's Mercy Hospital of Detroit is a Michigan corporation, supported by its patients and receiving aid from the Metropolitan Community Fund of the city of Detroit; that the defendant Charles Berger is a duly licensed physician and surgeon under the laws of the State of Michigan and is engaged in the practice of medicine as a resident physician in the above named St. Joseph's Mercy Hospital of Detroit; that on February 14, 1947, at the hour of 11:20 p.m., Frank Erwin was injured in an accident; that he was removed from the scene of the accident directly to the above named hospital where he received the attention of Dr. Charles Berger and nurses of the hospital; that stitches were taken at this time in skin lacerations of the head and scalp; that splints were applied to a broken leg, but that his injuries were given a very superficial and careless examination; that without sufficient reason the defendants refused to continue treating the deceased and ordered the patient removed from the hospital; that plaintiff was compelled to remove deceased to her home and later to another hospital; and that as a result of the inefficient attention and malpractice of the defendants, the deceased suffered great pain and death on February 15, 1947.

The St. Joseph's Mercy Hospital caused their appearance to be entered and later filed a motion to dismiss the cause as against it for the following reasons:

"1. Because said defendant, St. Joseph's Mercy Hospital of Detroit, is, and was at all times alleged in said declaration, a nonprofit, eleemosynary and charitable institution which was and is not, as a matter of law, liable for its alleged torts.

"2. Because said declaration fails to state a cause of action against this defendant in that the alleged liability of this defendant is, under said declaration, based upon the averred duty of said defendant to assume and continue the care and treatment of plaintiff's decedent during such length of time as was necessary during the life of plaintiff's decedent, whereas, in fact and in law, said defendant is under no such duty."

The motion came on to be heard and the trial court granted the same for the reasons stated in the first paragraph of the motion. Plaintiff appeals.

It is an admitted fact that defendant hospital was organized for eleemosynary and charitable purposes and is being operated in accordance with those stated purposes. The doctrine of immunity of charitable hospitals from tort liability is firmly implanted in the law of Michigan. See *Downes* v. *Harper Hospital,* 101 Mich. 555 (25 L. R. A. 602, 45 Am. St. Rep. 427); *Bruce* v. *Henry Ford Hospital,* 254 Mich. 394; *Greatrex* v. *Evangelical Deaconess Hospital,* 261 Mich. 327 (86 A. L. R. 487). We are not convinced that the doctrine of immunity of charity hospitals from tort liability as announced in the above cases should be changed by the court.

The order dismissing plaintiff's declaration as to St. Joseph's Mercy Hospital is affirmed, with costs to defendant hospital.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETH-MERS, BUTZEL, and CARR, JJ., concurred.