STANN *v.* FORD MOTOR COMPANY.

1. PLEADING—HOSPITALS—NEGLIGENCE.

   Motion to dismiss plaintiff's declaration in action for negligent treatment was properly granted as to defendant hospital, where allegation that it had failed "to employ competently trained nurses, physicians, surgeons, interns, and other employees" was not supported by pleaded facts showing that any of the hospital's employees was incompetent or that plaintiff was injured because of the incompetence of any such employee; and the pleading affirmatively averred that defendant corporation, not the hospital, had employed the physician and the surgeon involved.

2. SAME—HOSPITALS—NEGLIGENCE.

   The general assertion that defendants failed to exercise ordinary and reasonable care and skill in the treatment of plaintiff is insufficient to advise the defendant hospital as to plaintiff's claims with reference to any acts of negligence on its part.

   BLACK and KAVANAGH, JJ., dissenting.

Appeal from Wayne; Bowles (George E.), J. Submitted January 5, 1960. (Docket No. 8, Calendar No. 48,260.) Decided September 16, 1960. Rehearing denied October 10, 1960.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  26 Am Jur, Hospitals and Asylums § 18.

:. Case by Michael J. Stann against Ford Motor Company, a Delaware Corporation, Oakwood Hospital, a Michigan corporation, and others for damages arising from personal injury, medical treatment, and attendance. Dismissed on motion as to defendant hospital. Plaintiff appeals. Affirmed.

*Seymour Tilchin,* for plaintiff.

*Moll, Desenberg, Purdy & Glover,* for defendant Oakwood Hospital.

BLACK, J. (*dissenting*). This case presents an oft-mooted question of procedure on motion to dismiss. Where at law the declaration on its face states a reasonably-informed cause of action (see Court Rule No 19, § 1 [1945]), or where in equity the bill within its 4 corners exhibits a case cognizable by equity, may the court hearing a defendant's motion to dismiss utilize an *ex parte* affidavit of the moving party for the purpose of determining the truth or falsity of some pivotal allegation of the attacked pleading? I say "No." The question recently and correspondingly was before us in *Mathews* v. *United Association,* 351 Mich 293, and *Peoples Savings Bank* v. *Stoddard,* 351 Mich 342, 357, and it continues to arrive in circumstances of analogy. Apparently some counsel adhere to conviction that questions of fact can and should be resolved, generally on motion to dismiss; whereas Court Rule No 18, steadily since 1931, has limited the practice in terms of easily understood specificity.

This declaration alleges a cause of action for damages against several parties including defendant Oakwood Hospital. It alleges that defendant Oakwood Hospital is not a charitable institution. Defendant Oakwood Hospital, traversing the declaration in such regard, alleges in its motion that it is

such an immune-from-suit institution. On strength of an accompanying affidavit attesting such counter-allegation, the named defendant succeeded below in obtaining dismissal as sought. Thus the circuit court has determined on motion an issue which, according to recognized practice, should be tried or at least pursued through pretrial to determination on possibly recast pleadings—by order of court—and motion for judgment thereon. Why? Because, as even now some members of this Court perceive in the simultaneously submitted *Port Huron Hospital Cases,** the same question—whether a defendant hospital is as a matter of fact or law immune from liability according to Michigan's doctrine of charitable immunity—is best determined in any close case from a thoroughgoing testimonial record rather than nonevidentiary proceedings before trial.

I regard the circuit court's action as prejudicial to the right of fair trial and due process, and stand again on that which appears over my signature in *Schulte* v. *American Box Board Co.,* 358 Mich 21, 31, 32. It is, after all, just possible that this plaintiff may be able to prove the cause he in general terms has alleged. Further, and if the moving defendant deems itself not fairly apprised of the case it is called upon to meet, a motion for more certain pleading—not one for dismissal—is in order.

The defendant Oakwood Hospital will receive fair and due justice by orthodox pursuit of our rules of practice. So will the plaintiff. If the latter is unable to prove the cause he has alleged—or may be compelled to more explicitly allege—against such moving defendant, will not the trial court dismiss with prejudice as to such defendant or direct a verdict in its favor?

I vote to reverse and remand with costs to plaintiff.

---

* *Parker* v. *Port Huron Hospital,* 361 Mich 1.—REPORTER.

Supplement (September 2, 1960).

This case was duly assigned to the writer prior to submission thereof during our January term last. In pursuance of such assignment the foregoing opinion was prepared and submitted to other members of the Court February 11, 1960. Since that date decision of the case has been "held," in our parlance, pending preparation of opinions in the simultaneously submitted case of *Parker* v. *Port Huron Hospital,* 361 Mich 1, which opinions are due now for release September 15th next. Finally, and under date of September 1st, Mr. Justice Carr has written in the present case.

This supplement explains the means by which many of our decisions are delayed as they are, and it affirms my steady conviction that a motion to dismiss, cornered solely on an affidavit or affidavits fitting no one of the exceptions authorized by section 1 of Court Rule No 18 (1945), does offend the plaintiff suitor's right to the process that is due him, *i.e.* the right to trial of issues he has properly if generally pleaded. I say again, as in the foregoing opinion, that if the moving defendant deemed itself not fairly apprised of the case it was called upon to meet, a motion for more certain pleading (see section 7 of Court Rule No 17), rather than a motion to dismiss, was in order when it came time to plead to plaintiff's declaration.

Kavanagh, J., concurred with Black, J.

Carr, J. Plaintiff instituted this action in circuit court to recover damages alleged to have been sustained by him as the result of negligence on the part of defendants. The declaration set forth that in May, 1956, plaintiff was injured while in the employ of the defendant Ford Motor Company, that he was given a physical examination by a company physi-

cian, and permitted to return to work. It was further alleged in the pleading that plaintiff's condition became progressively worse and that he was sent by his employer to defendants Peterson and Ramsey, a physician and a surgeon of the city of Detroit, for examination and diagnosis. On or about July 17, 1956, he was hospitalized and thereafter an operation was performed to alleviate a condition resulting from a ruptured disc, said operation being performed and treatment given in Oakwood Hospital.

The declaration stated generally that it was the duty of the defendants to exercise reasonable prudence and care with reference to plaintiff's ailments and the alleviation thereof, that such degree of care was not exercised, and that as a result plaintiff sustained injuries to his person, causing pain and suffering, the incurring of expense, loss of earnings, and a general condition of mental and physical weakness and disability. Damages in the sum of $100,-000 were asked.

On behalf of defendant Oakwood Hospital a motion to dismiss the cause was filed, asserting nonliability on its part because plaintiff was a beneficiary of the care and services provided by it, and that it was a nonprofit and charitable institution organized and operating under the laws of the State of Michigan. It was also asserted as a further basis for the motion that there were no allegations of fact in the declaration showing that said defendant had violated any duty owing by it to plaintiff, to his damage or injury. The motion specifically alleged that the articles of incorporation of the hospital were on file with the Michigan corporation and securities commission, that a copy thereof was also on file in the office of the county clerk of Wayne county, and that the said articles contained the following provisions:

"(a) The purpose or purposes of this corporation are as follows:

"To establish, build, own, lease or otherwise acquire, maintain, equip, and operate a general hospital or hospitals in the State of Michigan; to furnish or make available therein such professional and other services as are necessary or desirable for the care of sick, afflicted, infirm or injured persons; and, incidental to the foregoing and in connection therewith, to engage in scientific research and educational or other activities which are related to and are designed to promote and improve the general health and welfare.

"(b) This corporation is organized and shall be operated exclusively for charitable, scientific and educational purposes as a nonprofit corporation. It is not its purpose to, and it shall not, engage in activities involving or designed for the pecuniary gain or profit of its members or any individual or other organization. No part of its net earnings shall inure to the benefit of any member, trustee, officer or individual. It shall not be the purpose of this corporation to, and it shall not, engage in carrying on propaganda or otherwise attempting to influence legislation.

"(c) None of the members, trustees, or officers of this corporation shall have any interest in the property, funds, or earnings of this corporation in their individual or private capacities; and prior to any dissolution of this corporation, after payment of debts, necessary expenses and obligations of the corporation, all of its properties and moneys shall be applied and used and entirely consumed, distributed and paid over exclusively to such public, charitable, scientific or educational hospital institutions, societies, organizations and corporations not for profit as shall be selected and in such amounts and manner and at such time or times as determined by the board of trustees of this corporation."

The motion was supported by affidavit which set forth that the construction of the Oakwood Hospital was financed from funds allocated to it from the Greater Detroit Hospital Fund in the sum of $3,-060,000; by Federal funds, granted under act of congress, amounting to $1,442,300; by private contributions of $1,250,000; and by the gift of 33 acres of real estate on which the hospital was erected. In addition to such contributions the sum of $600,000 was borrowed. Reference was also made in the affidavit to the exemption from taxation under the Federal income tax law pursuant to a ruling of the United States treasury department, and to the fact that the property of the hospital had been held by the Michigan State tax commission to be exempt from taxes under State law.

The claims of the defendant hospital as to the purposes of its organization, the financial assistance rendered it from charitable sources to enable it to carry out its purposes, and its status as a nonprofit charitable institution, were not controverted by the plaintiff. The circuit judge before whom the motion to dismiss was heard pointed out in his opinion that the question was whether "the ancient immunity of a charitable institution should no longer be enjoyed and that the law should be rewritten on this fundamental proposition." From the record before him it is obvious that the judge found as a matter of law that defendant hospital was a nonprofit charitable institution. The motion was granted and plaintiff has appealed. The question presented to this Court is whether the action of the circuit judge should be sustained.

The declaration filed by plaintiff alleged that Oakwood Hospital "operates as a private hospital, and not a charitable institution." In support of such statement no facts were alleged as to the organization, sources of income, purposes, or manner of op-

eration of said defendant. We have, in other words, a mere negative conclusion of the pleader, unsupported by factual averments. It is the settled law of this State that statements in a declaration, or bill of complaint, that are merely legal or factual conclusions may not be accepted as true on motion to dismiss. As said in *Dodge* v. *Detroit Trust Co.,* 300 Mich 575, 596:

"The rule that facts well pleaded must be taken as true on demurrer does not extend to conclusions of fact or law."

Also recognizing the general rule is *Doyle* v. *Kammeraad,* 310 Mich, 233, 235, where it was said:

"Well-pleaded material allegations of fact in the declaration and necessary inferences to be drawn therefrom must be considered as true and viewed in the light most favorable to plaintiff; conclusions and opinions must be disregarded."

In accord are *Prawdzik* v. *City of Grand Rapids,* 313 Mich 376, 380 (165 ALR 1165); *Johnson* v. *Borland,* 317 Mich 225, 229, 230; *Pfaffenberger* v. *Pavilion Restaurant Company,* 352 Mich 1, 4.

Plaintiff's statement in his declaration, whether regarded as a conclusion or as an opinion, may not be considered to be a well-pleaded averment of a material fact. The declaration did not undertake to set forth facts on which to base a legal conclusion as to the character of the defendant hospital. On the showing made in support of the motion to dismiss the trial judge properly considered it a matter for his determination as a question of law, there being no factual issues in dispute. In granting the motion the circuit judge followed the rule as heretofore recognized without exception by the decisions of this Court. Counsel for appellant suggests in his brief that such rule should be changed. For the reasons pointed out in our opinion in *Parker*

v. *Port Huron Hospital*, 361 Mich 1, 29, 36, 37, if the rule of immunity from liability of institutions like the defendant because of negligence of employees is to be changed or abrogated such result should come about through legislative action. The question presented is peculiarly one for determination by the law-making department of government, involving as it does important questions of public policy. The circuit judge was correct in granting the motion, and the order from which the appeal has been taken should be affirmed. Insofar as the procedure is concerned, it will be noted that the trial court followed *Erwin* v. *St. Joseph's Mercy Hospital of Detroit*, 323 Mich 114, in which plaintiff's declaration was dismissed on motion.

The trial judge did not pass on the question raised by defendant hospital as to the sufficiency of the averments of the declaration to charge it with negligence. From our examination of plaintiff's pleading, we think defendant's claim in such respect is well-founded. The only specific duty that the hospital was charged with having violated was:

"To employ competently trained nurses, physicians, surgeons, interns and other employees."

There was no showing, however, that any employee of the defendant hospital was incompetent. In other words, the pleading does not set forth any facts on which to base a conclusion that plaintiff was injured because of the incompetence of any particular hospital employee or employees. It may be noted in this connection that the pleading affirmatively averred that the Ford Motor Company employed the physician and the surgeon. We think it must be said also that the general assertion that defendants failed to exercise ordinary and reasonable care and skill in the treatment of plaintiff is insufficient to advise defendant hospital as to plain-

tiff's claims with reference to any acts of negligence on its part. The order of dismissal might properly have been based on both grounds asserted therein. For the reasons stated, the order of the trial court should be affirmed.

DETHMERS, C. J., and KELLY, J., concurred with CARR, J.

EDWARDS, J. (*concurring*). I concur with Mr. Justice CARR in affirmance of the order of dismissal entered by the circuit judge but only on the grounds stated in the last 2 paragraphs of his opinion.

SMITH, J., concurred with EDWARDS, J.

SOURIS, J., did not sit.