FURNESS v PUBLIC SERVICE COMMISSION

Docket No. 47750. Submitted June 9, 1980, at Lansing.—Decided
    September 10, 1980.

    Kevin Furness was fatally injured when the automobile in which
    he was a passenger was struck by a train at a grade crossing on
    a county road. Harvey Furness, administrator of the estate of
    Kevin Furness, brought an action for damages against the
    Public Service Commission, the Department of State Highways
    and Transportation, the State Highway Commission and the
    State of Michigan, alleging negligence and nuisance. The Court
    of Claims, Ray C. Hotchkiss, J., granted summary judgment for
    the defendants based upon the plaintiff's failure to state a
    claim upon which relief could be granted. Plaintiff appeals.
    *Held:*

        1. None of the defendants had jurisdiction over the railroad
    crossing in any of the particulars alleged by the plaintiff. The
    duty to repair and maintain a county road rests on the county,
    as does the duty of providing a safe railroad crossing on the
    county road. Because the defendants have no jurisdiction they
    have no liability for negligent repair or maintenance.

        2. The duties of monitoring of crossing signs and of ordering
    railroads to provide signals are discretionary and thus do not
    give rise to liability for failure to perform those duties.

        3. The alleged nuisance, the failure to correct a known
    danger, is a negligent nuisance rather than an intentional
    nuisance. Conduct constituting a negligent nuisance is pro-
    tected from suit by governmental immunity.

        Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENTS — MOTIONS — COURT RULES.
    A motion for summary judgment for failure to state a claim upon
        which relief may be granted tests the sufficiency of the plead-

REFERENCES FOR POINTS IN HEADNOTES
[1] 61 Am Jur 2d, Pleading §§ 230, 233.
[2] 61 Am Jur 2d, Pleading § 229.
[3] 39 Am Jur 2d, Highways, Streets, and Bridges § 103 *et seq.*
[4] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 267, 290.
[5] 58 Am Jur 2d, Nuisances § 55.

ings alone; each of the plaintiff's well-pled allegations must be taken as true and only where they are so clearly unenforceable as a matter of law that no factual development may possibly justify recovery should the motion be granted (GCR 1963, 117.2[1]).

2. JUDGMENTS — MOTIONS — SUMMARY JUDGMENTS — GOVERNMEN-
   TAL IMMUNITY.

   A plaintiff faced with a defendant's motion for summary judgment based upon governmental immunity has the burden of pleading facts in avoidance of immunity.

3. HIGHWAYS — JURISDICTION — LIABILITY — STATUTES.

   The duty to maintain and repair a highway is exclusive with the governmental unit having jurisdiction over that highway and cannot be superimposed upon other governmental agencies; therefore, a governmental unit may not incur liability for negligent repair and maintenance of a highway outside its jurisdiction (MCL 691.1402; MSA 3.996[102]).

4. HIGHWAYS — RAILROAD CROSSINGS.

   The duty of providing a safe railroad crossing rests with the governmental agency having jurisdiction over the intersecting highway.

5. NUISANCE — NEGLIGENCE — GOVERNMENTAL IMMUNITY.

   Governmental immunity bars an action against a governmental agency based upon a negligent nuisance as distinguished from an intentionally created nuisance.

*Drillock, Atkins, Schrope & Marcus,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Carl K. Carlsen* and *Thomas J. Killeen, Jr.,* Assistants Attorney General, for defendants.

Before: T. M. BURNS, P.J., and BEASLEY and G. R. DENEWETH,* JJ.

PER CURIAM. This matter is before us upon an appeal taken as of right from a summary judgment of dismissal pursuant to GCR 1963, 117.2(1)

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by the Court of Claims, Hon. Ray C. Hotchkiss, J., on October 1, 1979. We affirm.

The case arose out of a car-train collision on June 2, 1978, in which the plaintiff's decedent, Kevin Furness, suffered fatal injuries. It appears that decedent was a passenger in a motor vehicle being driven on Barrie Road in Colfax Township, Huron County, Michigan. As the vehicle was being driven over a Chesapeake and Ohio Railroad Company grade crossing, at 11:05 p.m., it was struck by an east-bound train. It appears that Barrie Road is a county road.

The civil complaint filed March 8, 1979, asked for monetary damages as relief. The complaint contained specific allegations of negligence and nuisance. The county and the railroad were not named as parties.

The complaint is completely silent of any allegation that defendants improperly designed or revised the warning signs or that defendants considered that extra warning signs should have been ordered and neglected to order the proper authorities to install them.

Defendants responded with a motion for summary judgment of dismissal pursuant to GCR 1963, 117.2(1), *inter alia.* This motion was predicated upon the proposition that none of the defendants had jurisdictional authority in any of the particulars alleged with regard to this specific railroad crossing. The trial judge apparently agreed with that position in his terse oral opinion of July 18, 1979, granting the motion. The instant appeal followed the entry of the order of dismissal.

Examination of the many cases involving GCR 1963, 117.2(1), discloses a common theme. In each instance, it is held that motions under subrule 1 amount to a challenge to the pleadings alone.

Each of the plaintiff's well-pleaded allegations must be taken as true.[1] Only where the plaintiff's claims are so clearly unenforceable as a matter of law that no factual development may possibly justify a right to recovery are such motions granted. See *e.g., McMath v Ford Motor Co,* 77 Mich App 721, 723; 259 NW2d 140 (1977). Further, when, as in the matter at bar, the issue of governmental immunity forms the basis of the motion, the burden is put upon plaintiff to plead facts in avoidance of immunity. See *Armstrong v Ross Twp,* 82 Mich App 77; 266 NW2d 674 (1978).

Given the foregoing tenets, it is clear that the first basis for liability would turn upon whether defendants had jurisdiction over the said grade crossing for repair and/or maintenance purposes. We conclude that they did not.

The only applicable statute concerning the plaintiff's negligence claims is MCL 691.1402; MSA 3.996(102). That statute provides in relevant part as follows:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, Chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948."

---

[1] The phrase "well-pleaded allegations" does not encompass, naked legal conclusion, see *Stann v Ford Motor Co,* 361 Mich 225, 232-233; 105 NW2d 20 (1960).

The plain meaning of that statutory language places the duty to repair and maintain county roads squarely on the counties themselves and upon no one else. The duty is an exclusive one which cannot be superimposed upon other governmental agencies. Therefore, a governmental unit may not incur liability for negligent repair and maintenance of a highway outside its own jurisdiction. See *Summerville v Kalamazoo County Road Comm'rs,* 77 Mich App 580; 259 NW2d 206 (1977).

Similarly, the duty of providing a safe railroad crossing rests with that governmental agency having jurisdiction over the intersecting highway. See *Cryderman v Soo Line R Co,* 78 Mich App 465; 260 NW2d 135 (1977).

In attempting to fulfill the burdens imposed upon him by the foregoing authorities, plaintiff has cursorily cited a plethora of statutory authority. To say the least, we find this authority unpersuasive. The great bulk of the cited statutes relate to jurisdiction of governmental agencies over highways and are supportive of, rather than contradictive of, the proposition that counties are the repository of jurisdiction and control over their own roads.

Two statutes warrant a brief discussion. Plaintiff has cited MCL 469.5; MSA 22.765 for the proposition that defendants have an obligation to continually monitor the safety of crossing signs. There is, however, no allegation of improper design of signs in the complaint. Moreover, the statute points to a discretionary role for the defendants in determining the safety of sign design. This would preclude liability for sign design in any event. See *Summerville, supra,* and *Walkowski v Macomb County Sheriff,* 64 Mich App 460; 236 NW2d 516 (1975).

The above analysis would also apply to MCL

469.8; MSA 22.768. Although it imposes a duty upon defendant state highway commission to order railroads to provide flashing lights and gong signals, this statute expressly provides that such a duty is discretionary.

In short, the asserted statutory bases of jurisdiction and hence, liability, do not read as plaintiff suggests. This failure is fatal to the negligence aspects of the plaintiff's claim.

This leaves the question of the nuisance allegations. The gravamen of these allegations is that defendants were negligent in failing to correct a known danger (nuisance). This alleged conduct is omissive rather than commissive and would therefore fall within the category of a negligent nuisance. As such it remains protected from suit by governmental immunity. See *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978).

Affirmed.