LANDRY v CITY OF DETROIT

Docket No. 70836. Submitted April 9, 1984, at Detroit.—Decided May 20, 1985. Leave to appeal applied for.

Plaintiffs, Brenda Landry and Emmett Landry, brought an action in the Wayne Circuit Court against defendants, City of Detroit and Detroit Wayne Joint Building Authority, seeking to recover for personal injuries sustained by the plaintiffs when they were attacked in a courtroom of the Recorder's Court for the City of Detroit located in the Frank Murphy Hall of Justice in the City of Detroit. Plaintiffs alleged negligence, breach of contract and nuisance. Both defendants moved for summary judgment based on governmental immunity. The trial court, Michael S. Stacey, J., granted defendants' motions and entered an order dismissing plaintiffs' complaint. The court provided no basis, on the record, for its ruling. Plaintiffs appeal. *Held:*

1. Both defendants come under the provisions of the governmental immunity statutes. Both defendants were engaged in a governmental function since operation of the Recorder's Court, including providing courtroom security, is mandated by law.

2. Plaintiffs failed to state a cause of action for breach of contract.

3. Plaintiffs have not stated a claim within the public-buildings exception to governmental immunity since their allegations concerning the defective or dangerous condition of Recorder's Court stem not from the condition of the building itself but from the activities or operations conducted within the building.

4. Plaintiffs' allegations of nuisance were not merely a reformulation of a negligence claim. Plaintiffs' claim for an intentionally created nuisance in fact was not so unenforceable as a

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 27.
[2, 4, 9] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 150.
[3] 61A Am Jur 2d, Pleading § 231.
[5] 58 Am Jur 2d, Nuisances § 19.
[6] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 293.
[7] 58 Am Jur 2d, Nuisances §§ 133, 135.
[8] 58 Am Jur 2d, Nuisances §§ 12, 13.

matter of law that no factual development could possibly justify recovery. Consequently, that portion of the circuit court's order granting summary judgment in favor of defendants on plaintiffs' claim for common-law nuisance is reversed.

Affirmed in part and reversed in part.

M. J. KELLY, J., concurred with the majority opinion except as to its treatment of the nuisance issue and the public-building exception to governmental immunity. He would hold that the plaintiffs have merely alleged a negligent failure to act and not an intentional nuisance on the part of the city. He would affirm the trial court's order of summary judgment on the nuisance count. He would, however, hold that the plaintiffs should be allowed to proceed to trial under the public-building exception to the governmental immunity doctrine. He would reverse on this basis only.

## OPINION OF THE COURT

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTIONS.

A governmental agency is immune from tort liability when it engages in governmental functions, unless the activity is proprietary in nature or falls within one of the other statutory exceptions to the governmental immunity act; a governmental function is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law (MCL 691.1407, 691.1413; MSA 3.996[107], 3.996[113]).

2. COURTS — RECORDER'S COURT OF DETROIT — FACILITIES — SECURITY.

Wayne County is responsible for providing facilities and utilities for the Recorder's Court of the City of Detroit; the City of Detroit is responsible for the provision of courtroom security in Recorder's Court (MCL 600.1417, 725.37; MSA 27A.1417, 27.3970[7]).

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

A motion for summary judgment based on failure to state a claim upon which relief may be granted tests the legal sufficiency of the pleadings alone, presuming as true the factual allegations of the complaint along with any inferences or conclusions which may fairly be drawn from them; unless the claim is so unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should not be granted (GCR 1963, 117.2[1]).

4. GOVERNMENTAL IMMUNITY — PUBLIC BUILDINGS.

A governmental agency is statutorily liable for personal injuries

arising out of dangerous or defective conditions in public buildings under the agency's control; a building may be dangerous or defective because of improper design, faulty construction or the absence of safety devices (MCL 691.1406; MSA 3.996[106]).

5. Nuisance — Dangerous Conditions.

Liability for nuisance is predicated on the existence of a dangerous condition, not on tortious conduct through action or inaction on the part of those responsible for the condition.

6. Governmental Immunity — Nuisance.

The Michigan Supreme Court has reaffirmed the principle of governmental liability for nuisance.

7. Pleading — Nuisance.

A claim for nuisance is not stated where the plaintiff merely reformulates a negligence claim.

8. Nuisance — Nuisance Per Se — Nuisance Per Accidens.

A nuisance at law or a nuisance per se is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings; a nuisance in fact or a nuisance *per accidens* becomes a nuisance by reason of circumstances and surroundings, and an act may be found to be a nuisance as a matter of fact where the natural tendency of the act is to create danger and inflict injury on person or property.

Partial Concurrence and Partial Dissent by M. J. Kelly, J.

9. Governmental Immunity — Public Buildings.

*A governmental entity may be liable for personal injuries arising out of dangerous or defective conditions in a public building which are dangerous because of improper design or the absence of safety devices; whether a public building is dangerous or defective because of the absence of safety devices is to be determined in light of the uses or activities for which it is intended (MCL 691.1406; MSA 3.996[106]).*

*Paul D. Sherr, P.C.* (by *Paul D. Sherr),* and *Hertzberg, Jacob & Weingarten, P.C.* (by *Ellen J. Alter),* for plaintiffs.

*William B. Daniel,* Supervising Assistant Corporation Counsel, and *Dennis Mazurek,* Assistant Corporation Counsel, for the City of Detroit.

*Berry, Puleo & Noeske* (by *Orlando L. Blanco),* for Detroit Wayne Joint Building Authority.

Before: HOOD, P.J., and M. J. KELLY and R. C. LIVO,* JJ.

R. C. LIVO, J. Plaintiffs appeal as of right from a circuit court order granting defendants' motion for summary judgment, GCR 1963, 117.2(1), based on the claim of governmental immunity, MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.*

Plaintiffs brought suit against defendant City of Detroit and defendant Detroit Wayne Joint Building Authority seeking to recover for personal injuries. Plaintiffs alleged that on December 18, 1981, they were present in Recorder's Court, located in the Frank Murphy Hall of Justice in the City of Detroit. Plaintiffs were in court for the purpose of testifying against Rosie Fleming. Plaintiffs alleged that they sustained serious injuries when Fleming attacked them with a knife in the courtroom. Plaintiffs averred that their injuries, which included stab wounds, internal injuries, partial paralysis, breathing impairment, and permanent scarring, were proximately caused by defendants' inadequate provisions for security in the courthouse. Plaintiffs' complaint alleged negligence, breach of contract and nuisance.

Both defendants moved for summary judgment, GCR 1963, 117.2(1), based on governmental immunity. The trial court granted defendants' motions and entered an order dismissing plaintiffs' complaint. The court provided no basis, on the record, for its ruling.

The Supreme Court's most recent group of decisions on governmental immunity, *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363

---

* Circuit judge, sitting on the Court of Appeals by assignment.

NW2d 641 (1984), govern the majority of the issues raised in the present appeal.

Under MCL 691.1407; MSA 3.996(107), all governmental agencies—state, county and local—are immune from tort liability to the extent that they are engaged in governmental functions. In *Ross,* the Supreme Court defined "governmental function" as follows:

"[A] governmental function *is an activity which is* expressly or impliedly *mandated* or authorized by constitution, *statute,* or other law. When a governmental agency engages in mandated or authorized activities, it is immune from tort liability, unless the activity is proprietary in nature [as defined in MCL 691.1413; MSA 3.996(113)] or falls within one of the other statutory exceptions to the governmental immunity act." *Ross,* p 620 (emphasis added).

In the present case, there is no question that both defendants come under the provisions of the governmental immunity statutes. There is no allegation that the operation of Recorder's Court is proprietary in nature. See *Ross,* p 614. However, pursuant to MCL 725.37; MSA 27.3970(7), the county was responsible for providing facilities and utilities for the Recorder's Court of the City of Detroit. Under MCL 600.1417; MSA 27A.1417, the City of Detroit was required to provide courtroom security in Recorder's Court. Since operation of the Recorder's Court, including providing courtroom security, was mandated by law, both defendants were engaged in a governmental function.

Plaintiffs argue, however, that, even if defendants were engaged in a governmental function, they have stated a claim in avoidance of governmental immunity by pleading implied contract, common-law nuisance, and the public-buildings exception, MCL 691.1406; MSA 3.996(106). Defen-

dants brought their motions for summary judgment under GCR 1963, 117.2(1). Such motions test the legal sufficiency of the pleadings alone. The factual allegations made in the complaint must be presumend true along with any inferences or conclusions which may fairly be drawn from them. Unless the claim is so unenforceable as a matter of law that no factual development could possibly justify recovery, the motion should not be granted. *Romeo v Van Otterloo,* 117 Mich App 333, 337; 323 NW2d 693 (1982).

Plaintiffs argue that their complaint alleges that defendants expressly and impliedly contracted to be responsible for plaintiffs' safety. In *Ross,* the Supreme Court held that "[i]f a plaintiff successfully pleads and establishes a non-tort cause of action, [MCL 691.1407; MSA 3.996(107)] will not bar recovery simply because the underlying facts could have also established a tort cause of action". *Ross,* pp 647-648. In paragraph six of their complaint, plaintiffs allege that when they entered the courtroom a contract was created whereby defendants expressly and impliedly agreed to be responsible for plaintiffs' safety and warranted that their premises were safe and that no injury would befall them. This is a legal conclusion and not a well-pled factual allegation. Plaintiffs fail to identify facts which could constitute an offer, acceptance, consideration, reliance or other facts which would give rise to the inference that a contract existed. See *Stann v Ford Motor Co,* 361 Mich 225; 105 NW2d 20 (1960); GCR 1963, 113.3. Therefore, plaintiffs have failed to state a claim for breach of contract. GCR 1963, 117.2(1).

Plaintiffs argue that their cause of action comes within the public-buildings exception to governmental immunity. A governmental agency is statutorily liable for personal injuries arising out of

dangerous or defective conditions in public buildings under the agency's control. MCL 691.1406; MSA 3.996(106). *Ross,* p 591. It is clear that the Legislature intended this provision to impose a broad duty on the government to maintain safe public places. A building may be dangerous or defective because of improper design, faulty construction or the absence of safety devices. *Bush v Oscoda Area Schools,* 405 Mich 716, 730; 275 NW2d 268 (1979).

However, plaintiffs do not allege that their injuries were sustained from a structural part of the building or a fixture attached thereto. *Zawadzki v Taylor,* 70 Mich App 545, 551; 246 NW2d 161 (1976), *lv den* 399 Mich 875 (1977). Plaintiffs do not allege that the courtroom was being used in a manner for which it was not intended. Unlike in the cases cited by plaintiffs, *Bush, supra,* and *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979), the courtroom in the present case was being used as expected, as a courtroom. Plaintiffs' allegations concerning the defective or dangerous condition of Recorder's Court stem not from the condition of the building itself but from the activities or operations conducted within the building. Consequently, plaintiffs have not stated a claim within the public-buildings exception. *Vargo v Svitchan,* 100 Mich App 809, 822-823; 301 NW2d 1 (1980), *app dis* 411 Mich 1035 (1982).

Plaintiffs' final contention is that they have pled a nuisance cause of action in avoidance of governmental immunity. In *Ross,* the Supreme Court reaffirmed governmental liability for nuisance. The Court also affirmed this Court's holding that a claim for nuisance is not stated where plaintiff merely reformulates a negligence claim. *Ross,* p 657. Defendants argue in the present case that plaintiffs' allegations are merely allegations of

negligence for which they are immune from liability.

Plaintiffs averred that defendants created and maintained a nuisance by failing to take the necessary measures to prevent personal injuries with knowlege of the regular attendance of known criminals and dangerous persons in the building and with knowledge that other courthouses had security measures and metal detectors. Plaintiffs alleged that defendants caused harm and injuries by allowing a deceptive appearance of safety to exist through the stationing of inadequate personnel and committed affirmative acts of intentional nuisance by refusing to install metal detectors to protect persons such as the plaintiffs.

Liability for nuisance is predicated on the existence of a dangerous condition:

"Primarily, nuisance is a condition. Liability is not predicated on tortious conduct through action or inaction on the part of those responsible for the condition. Nuisance may result from want of due care (like a hole in a highway), but may still exist as a dangerous, offensive, or hazardous condition even with the best of care." *Buckeye Union Fire Ins Co v Michigan,* 383 Mich 630, 636; 178 NW2d 476 (1970).

In *Buckeye, supra,* the state took title to property which had an unoccupied plant located on it. Buildings on the state's property caught fire and the fire spread to neighboring property. The plaintiff alleged that because the unoccupied plant was readily accessible to vandals and trespassers a fire hazard was created which constituted a nuisance to the neighboring property. The Supreme Court agreed stating:

"It was in the very nature of the nuisance involved in this case—a fire hazard—that eventually negligent or

lawless acts or sheer chance or an act of God (lightning) would convert the peril to the neighboring land into a destructive force—the hazard—the nuisance took its toll. Damage to plaintiffs flowed from the nuisance and the mere fact that negligence may have existed in a variety of acts or by inaction by the state during the continuing period of the nuisance will not permit it to escape its liability." 383 Mich 638.

Consequently, we do not agree with defendants in the present case that, since plaintiffs have alleged omissions by defendants, plaintiffs' allegations are merely a reformulation of a negligence claim. Moreover, for purposes of this appeal, we must accept as true plaintiffs' allegation that plaintiffs' injuries occurred in a public building under the control of defendants. Therefore, defendants' arguments concerning their lack of control over the courtroom and building raise questions of fact which are not appropriately before this Court.

We also do not agree with defendants' contention that plaintiffs failed to state a claim because they did not allege an intentional nuisance. The Supreme Court has classified nuisances as follows:

"From the point of view of their nature, nuisances are sometimes classified as nuisances *per se* or at law, and nuisances *per accidens* or in fact. A nuisance at law or a nuisance *per se* is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings. Nuisances in fact or *per accidens* are those which become nuisances by reason of circumstances and surroundings, and an act may be found to be a nuisance as a matter of fact where the natural tendency of the act is to create danger and inflict injury on person or property. The number of nuisances *per se* is necessarily limited, and by far the greater number of nuisances are nuisances *per accidens*. For this reason whether or not a particular thing or act is a nuisance is generally a question of fact * * *." *Rosario v City of Lansing,*

403 Mich 124, 132-133; 268 NW2d 230 (1978), quoting *Bluemer v Saginaw Central Oil & Gas Service, Inc,* 356 Mich 399, 411; 97 NW2d 90 (1959).

In *Rosario, supra,* and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), five justices agreed that governmental immunity did not bar recovery for nuisance per se. Justices MOODY and WILLIAMS, however, felt that nuisances in fact could be divided into two categories, negligently created nuisances and intentionally created nuisances, and that governmental immunity barred recovery for negligently created nuisances. See *Disappearing Lakes Ass'n v Dep't of Natural Resources,* 121 Mich App 61, 66; 328 NW2d 570 (1982), *aff'd* 420 Mich 567, 654-656; 363 NW2d 641 (1984). In order to find an intentional nuisance, the trier of fact must decide based upon the evidence presented that the governmental agency intended to bring about conditions which are found to be a nuisance. *Rosario, supra,* p 142 (MOODY, J., *concurring*).

We cannot conclude that plaintiffs' claim for an intentionally created nuisance in fact is so unenforceable as a matter of law that no factual development could possibly justify recovery. Plaintiffs' allegation, that defendants refused to take necessary safety measures, pleads a deliberate act by the governmental agency to create the condition. *Rosario,* p 143. Plaintiffs' allegations of a dangerous condition are based on the fact that dangerous persons are brought together with their accusers in the same building. A trier of fact could conclude, under those circumstances, that the absence of safety devices such as metal detectors created a dangerous condition which constituted a nuisance in fact. Consequently, that portion of the circuit court's order granting summary judgment in favor

of defendants on plaintiffs' claim for common-law nuisance is reversed.

Affirmed in part and reversed in part.

Hood, P.J., concurred.

M. J. Kelly, J. *(concurring in part and dissenting in part).* I agree with the majority opinion except as to its treatment of the nuisance issue and the public-building exception to governmental immunity.

Plaintiffs assert that allowing a dangerous condition to continue in the Recorder's Court, Frank Murphy Hall of Justice constitutes a nuisance. In *Furness v Public Service Comm,* 100 Mich App 365, 370; 299 NW2d 35 (1980), the Court stated:

> "The gravamen of these allegations is that the defendants were negligent in failing to correct a known danger (nuisance). This alleged conduct is omissive rather than commissive and would therefore fall within the category of a negligent nuisance. As such it remains protected from suit by governmental immunity. See *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978)."

Plaintiffs rely on *Radloff v Michigan,* 116 Mich App 745; 323 NW2d 541 (1982), *remanded* 417 Mich 894; 330 NW2d 692 (1983), *on remand* 136 Mich App 457; 356 NW2d 31 (1984), in support of their position. In *Radloff,* however, this Court agreed with the trial court's finding that: "[t]he defendants intended to bring about the conditions which were found to be a nuisance. That is, the defendants allowed American Aggregates to extract gravel from its land leaving behind the pit which then naturally became filled with water. Thus, defendants intentionally brought about the gravel-pit lake." 116 Mich App 758. This action by

defendant is the "commissive" conduct discussed in *Furness. Radloff* does not apply to the instant case since plaintiffs here allege an omission rather than a commission.

Plaintiffs also cite *Daugherty v Michigan,* 91 Mich App 658; 283 NW2d 825 (1979), *lv den* 408 Mich 853 (1980). In that case, plaintiff alleged not only acts of omission but also the commissive act of placing boulders around the base of a bridge. *Daugherty, supra,* p 661. Likewise, *Taggie v Dep't of Natural Resources,* 87 Mich App 752, 755; 276 NW2d 485 (1979), involved an omissive act plus the affirmative act of creating "an appearance of safety by the use of diagrams, maps, stairs and trails which led these plaintiffs, and other tourists, to the danger area in ignorance of the risk". And in *Davis v Detroit,* 98 Mich App 705; 296 NW2d 341 (1980), *lv den* 410 Mich 856 (1980), also relied upon by plaintiffs, the government was involved in the governmental function of constructing a sewer. Contrary to plaintiffs' representation, the Court in *Davis* opined that the acts of omission were negligent in character and that it was only because "defendant deliberately engaged in construction activities involving the use of dangerous tools and equipment", 98 Mich App 712, that a nuisance could be found from commissive acts. Finally, plaintiffs rely on *Shunk v Michigan,* 97 Mich App 626; 296 NW2d 129 (1980). While it is true that the plaintiffs in *Shunk* merely alleged that the defendant "willfully and intentionally failed to take the appropriate actions required by statute", 97 Mich App 628, the omissive acts did not fall within the category of negligence since the omitted acts were required to be performed under state law.

I conclude that plaintiffs in the instant case have merely alleged a negligent failure to act and

not an intentional nuisance on the part of the city. I would affirm the trial court's order of summary judgment on this count.

However, I would hold that the plaintiffs should be allowed to proceed to trial under the public-building exception to the governmental immunity doctrine. MCL 691.1406; MSA 3.996(106). The majority concludes that plaintiffs' failure to "allege that their injuries were sustained from a structural part of the building or a fixture attached thereto" and plaintiffs' failure to "allege that the courtroom was being used in a manner for which it was not intended" preclude recovery under the public-building exception. However, a governmental entity may also be held liable for a public building that is dangerous because of improper design or the absence of safety devices. *Pichette v Manistique Public Schools,* 403 Mich 268, 283-284; 269 NW2d 143 (1978); *Bush v Oscoda Area Schools,* 405 Mich 716, 731-732; 275 NW2d 268 (1979). See also *Hinds v Dep't of Corrections,* 126 Mich App 99, 101; 337 NW2d 1 (1982). Whether a public building is dangerous or defective because of the absence of safety devices is to be determined in light of the uses or activities for which it is intended. *Layton v Quinn,* 120 Mich App 708, 712; 328 NW2d 95 (1982); *Vargo v Svitchan,* 100 Mich App 809, 818-821; 301 NW2d 1 (1980), *app dis* 411 Mich 1035 (1981); *Bush, supra,* p 731. In my opinion, plaintiffs have alleged facts which, if believed, would allow reasonable minds to conclude that the absence of metal detector devices in the Frank Murphy Hall of Justice created a dangerous public building in which to conduct criminal prosecutions. I would reverse on this basis only.