## CHAPIN v COLOMA TOWNSHIP

Docket No. 88175. Submitted November 5, 1986, at Grand Rapids.
Decided June 25, 1987. Leave to appeal applied for.

James and Sharon Chapin, owners and residents of a house in
Coloma Township, brought an action in Berrien Circuit Court
against Coloma Township. Plaintiffs alleged, inter alia, inten-
tional nuisance, trespass, and eminent domain as theories of
recovery for damage caused to their house when raw sewage
accumulated in their garage and underneath their house after
defendant's sewage system pump broke down. Defendant,
claiming governmental immunity, moved for and was granted
summary disposition, William S. White, J. Plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court erred in granting summary disposition as
to the claim of intentional nuisance. Governmental immunity
does not bar a claim of intentional nuisance in fact. In this
case, plaintiffs alleged sufficient facts from which it may be
inferred that defendant's failure to repair the sewage system's
primary pump motor and reliance thereafter on an auxiliary
pump motor was accompanied by knowledge that harm to
plaintiffs was substantially certain to occur.

2. The trial court erred in granting summary disposition as
to the claim of trespass. Governmental immunity does not bar
a claim of trespass which is based on an allegation, as in this
case, of objects cast onto a plaintiff's property.

3. The trial court correctly granted summary disposition as to
the claim based on eminent domain. The nature of the damages
pled by plaintiffs do not rise to the level of a "taking" within
the meaning of Const 1963, art 10, § 2.

Affirmed in part, reversed in part, and remanded.

REFERENCES

Am Jur 2d, Eminent Domain §§ 160, 161, 171.

Am Jur 2d, Nuisances §§ 19 *et seq.*; 55.

Am Jur 2d, State, Territories, and Dependencies §§ 99 *et seq.*

State's immunity from tort liability as dependent on governmental
or proprietary nature of function. 40 ALR2d 927.

See also the annotations in the Index to Annotations under Govern-
mental Immunity or Privilege and Nuisances.

M. J. KELLY, J., concurred in part and dissented in part. Judge KELLY concurred with the majority's opinion as to the trespass claim. However, he would affirm the trial court as to its summary disposition of the intentional nuisance claim for reasons he stated in his partially dissenting opinion in *Landry v Detroit,* 143 Mich App 16 (1985).

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — FAILURE TO STATE A CLAIM — GOVERNMENTAL IMMUNITY.

A court, when ruling on a motion for summary disposition on the ground that the opposing party has failed to state a claim upon which relief can be granted, should accept as true all of the nonmoving party's factual allegations as well as any conclusions which can reasonably be drawn therefrom and determine whether the nonmoving party's claim on the pleadings is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery; where governmental immunity is an issue, the complaint must plead facts in avoidance of immunity (MCR 2.116[C][8]).

2. NUISANCE — NUISANCE IN FACT.

A nuisance in fact becomes a nuisance by reason of circumstances and surroundings, and an act may be found to be a nuisance as a matter of fact where the natural tendency of the act is to create danger and inflict injury on persons or property.

3. NUISANCE — INTENTIONAL NUISANCE IN FACT — GOVERNMENTAL IMMUNITY.

A claim of intentional nuisance in fact is not barred by governmental immunity.

4. NUISANCE — INTENTIONAL NUISANCE IN FACT — REFUSAL TO TAKE REMEDIAL ACTION.

A deliberate refusal to take an affirmative remedial action may give rise to an intentional nuisance.

5. TRESPASS — GOVERNMENTAL IMMUNITY.

A claim of trespass against a governmental agency based upon the casting of objects onto a plaintiff's property is not barred by governmental immunity.

6. EMINENT DOMAIN — CONSTITUTIONAL LAW.

Damage to a house caused by raw sewage accumulating in the garage and underneath the house and arising from the failure of a township's sewage system does not constitute a taking pursuant to eminent domain that requires just compensation under the Michigan Constitution (Const 1963, art 10, § 2).

*James F. Bauhof,* for plaintiffs.

*Hartwig, Crow, Jones & Postelli* (by *F. A. Jones*), for defendant.

Before: CYNAR, P.J., and M. J. KELLY and J. A. HATHAWAY,* JJ.

PER CURIAM. Plaintiffs appeal as of right from an order granting summary disposition. Although not explicitly stated, it is apparent that the order was granted pursuant to MCR 2.116(C)(8), on the ground that the complaint failed to state a claim upon which relief can be granted. Since we conclude that summary disposition was erroneously granted with respect to the trespass and intentional nuisance counts of the complaint, we reverse and remand for further proceedings on these theories of recovery.

According to the complaint, plaintiffs are the owners and residents of a home located in Coloma Township. Defendant township operates a sewage system that services plaintiffs' residence. Because of a previous history of problems associated with a lift pump, defendant had installed an auxiliary motor in anticipation of possible failure of the primary motor powering the pump. For a "long period" prior to December 1, 1982, the primary motor was inoperative, but defendant did not effect repairs, relying on the auxiliary motor to keep the sewage system functioning. On or about December 1, the auxiliary motor also failed. The result was that raw sewage accumulated in plaintiffs' garage and underneath their home, causing damages to both the premises and contents stored therein.

Initially, we note that a motion for summary disposition pursuant to MCR 2.116(C)(8) is well

* Circuit judge, sitting on the Court of Appeals by assignment.

taken only if the pleadings are so clearly unenforceable as a matter of law that no factual development can justify a right of recovery. The allegations of fact in the complaint and all reasonable inferences drawn from those allegations are accepted as true for purposes of the motion. If governmental immunity is at issue, as in the instant case, the plaintiff must plead facts in avoidance of the bar of immunity. *Martin v Michigan,* 129 Mich App 100, 104-105; 341 NW2d 239 (1983), lv den 422 Mich 891 (1985).

Plaintiffs' complaint set forth five theories of recovery, three of which are pertinent to this appeal: (1) intentional nuisance, (2) trespass, and (3) eminent domain. In its answer to the complaint, defendant asserted the defense of governmental immunity.

On appeal, defendant reiterates its contention that governmental immunity bars any recovery on the theories of nuisance and trespass. In *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), reh den 403 Mich 956 (1978), the Court recognized the viability of a judicially created nuisance exception to immunity. Although both cases were decided by plurality opinions, a majority of the Court agreed that, at a minimum, a claim of intentional nuisance was not barred by governmental immunity. Although defendant argues that the judicial reshaping of immunity in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567; 363 NW2d 641 (1984), abrogated the intentional nuisance exception, the Court expressly disclaimed any attempt to address that question. *Id.,* 610-611, n 27, and 654-655. Subsequent decisions of this Court have reaffirmed the exception's viability. *Carney v Dep't of Transportation,* 145 Mich App 690, 700-701; 378 NW2d

574 (1985), lv den 424 Mich 889 (1986); *Moore v City of Pontiac,* 143 Mich App 610, 612-613; 372 NW2d 627 (1985). A similar exception exists for trespass committed by the casting of objects onto the plaintiffs' land. *Pound v Garden City School Dist,* 372 Mich 499; 127 NW2d 390 (1964). See also *Gerzeski, supra,* 169-171 (RYAN, J., dissenting). Therefore, we conclude that governmental immunity does not bar the claims for intentional nuisance or trespass in the instant case.

Nuisance theory is divided into two categories— nuisance per se and nuisance in fact. *Martin, supra,* 108. Nuisance per se contemplates activity that is actionable as a matter of law, regardless of the surrounding circumstances. Nuisance in fact, on the other hand, is actionable only because the surrounding circumstances give rise to a "natural tendency . . . to create danger and inflict injury to person or property." *Id.* It is nuisance in fact that plaintiffs assert in the instant case.

In order to establish nuisance in fact, it is necessary to show that the defendant is responsible for a "dangerous, offensive, or hazardous" condition. *Buckeye Union Fire Ins Co v Michigan,* 383 Mich 630, 636; 178 NW2d 476 (1970). Although a nuisance in fact may be created either by negligent or intentional conduct, only the latter will suffice to evade the governmental immunity bar when suit is brought against a government agency. *Carney, supra,* 700-701.

In the instant case, the circuit court ruled that the allegations of the complaint were insufficient to establish intent on the part of defendant. We hold that this was error. The complaint alleged that plaintiffs were "intentionally threatened" by defendant's nuisance in fact. It was also a reasonable inference from the well-pled factual allegations that defendant's failure to repair the pump

motor was accompanied by its knowledge that harm to plaintiffs was substantially certain to occur.[1]

In their complaint, plaintiffs alleged only that defendant did not take adequate precautions against the malfunctioning of the system and that it did not repair or replace the failed primary motor in timely fashion. A conflict presently exists in the decisions of this Court on the question whether an omission to act can be the basis for an intentional nuisance action. Compare *Velmer v Baraga Area Schools,* 157 Mich App 489, 501-502; 403 NW2d 171 (1987), and *Furness v Public Service Comm,* 100 Mich App 365, 370; 299 NW2d 35 (1980), with *Garcia v City of Jackson,* 152 Mich App 254, 260-261; 393 NW2d 599 (1986), and *Landry v Detroit,* 143 Mich App 16; 371 NW2d 466 (1985), lv gtd 424 Mich 876 (1986). We conclude that this Court in *Garcia* and *Landry* correctly decided this question in reliance on Justice MOODY's plurality opinion in *Rosario, supra,* 403 Mich 141-144, where it was stated that a deliberate refusal to take an affirmative remedial action may give rise to an intentional nuisance. We also distinguish *Velmer* on the ground that the dangerous condition in that case was latent. Unlike *Vel-*

---

[1] We are cognizant of the present conflict in decisions of this Court regarding the intent requirement necessary for a claim based on nuisance. Some panels have held that the plaintiff must show that the defendant committed the acts resulting in the nuisance with the intent or with knowledge to a substantial certainty that the harm would occur. *Velmer v Baraga Area Schools,* 157 Mich App 489; 403 NW2d 171 (1987), lv pending; *Ford v Detroit,* 91 Mich App 333, 336; 283 NW2d 739 (1979). To the contrary, others have held that the plaintiff need only show that the defendant intentionally created the hazardous or dangerous condition without any knowledge that the plaintiff would be harmed. *Garcia v City of Jackson,* 152 Mich App 254, 259-260; 393 NW2d 599 (1986); *Veeneman v Michigan,* 143 Mich App 694, 699; 373 NW2d 193 (1985), lv gtd 424 Mich 876 (1986). Since we conclude that plaintiff's complaint was adequate under either line of cases, we express no opinion as to the proper resolution of this conflict.

*mer,* plaintiffs in the instant case alleged that defendant had "notice" of the danger created by the malfunctioning sewage system.

Accordingly, we conclude that the circuit court erred by granting summary disposition on plaintiffs' intentional nuisance claim.

Plaintiffs also argue that the circuit court erred by granting summary disposition of their trespass count. The court erroneously granted summary disposition on the basis of its belief that governmental immunity barred a trespass claim. Since the complaint alleges that operation of the sewage system caused sewage to be "cast" into plaintiffs' residence, we conclude that a proper claim for trespass was stated. *Ferris v Detroit Bd of Ed,* 122 Mich 315; 81 NW 98 (1899); *Ashley v Port Huron,* 35 Mich 295 (1877).

We find no error in the circuit court's summary disposition of plaintiffs' theory of recovery based upon eminent domain. The nature of the damages pled by plaintiffs do not rise to the level of a "taking" within the meaning of Const 1963, art 10, § 2. See *Hart v Detroit,* 416 Mich 488, 500-502; 331 NW2d 438 (1982).

In summary, we reverse the lower court's summary disposition with respect to plaintiffs' intentional nuisance and trespass counts and remand for further proceedings consistent with this opinion. The lower court's summary disposition on all other counts of the complaint is affirmed.

Affirmed in part, reversed in part, and remanded.

M. J. KELLY, J., dissents with regard to the intentional nuisance count for reasons stated in his opinion concurring in part and dissenting in part in *Landry v Detroit,* 143 Mich App 16, 26; 371 NW2d 466 (1985), lv gtd 424 Mich 876 (1986).

He concurs with the majority's finding that the circuit court erred in granting summary disposition as to the trespass count.