RADLOFF v STATE OF MICHIGAN (ON REMAND)

Docket No. 70064. Submitted March 11, 1983, at Lansing.—Decided
August 6, 1984. Leave to appeal applied for.

   William Radloff suffered permanent and paralyzing injuries when
   he attempted to dive from an embankment into a gravel-pit
   lake excavated by employees of American Aggregates Corpora-
   tion, upon land owned by the State of Michigan in the Island
   Lake Recreation Area, supervised by the State Department of
   Natural Resources. Radloff filed suit in Wayne Circuit Court
   against the State of Michigan, the Michigan Department of
   Conservation also known as the Department of Natural Re-
   sources, and American Aggregates. The court, John H. Haus-
   ner, J., entered a judgment for the plaintiff against all the
   defendants. Subsequently, the plaintiff and American Aggre-
   gates entered into a settlement agreement. The State of Michi-
   gan and Department of Conservation, also known as Depart-
   ment of Natural Resources, appealed raising several issues
   including an allegation that the verdict for damages was exces-
   sive. The Court of Appeals affirmed. 116 Mich App 745 (1982).
   The State of Michigan and Department of Conservation, also
   known as the Department of Natural Resources, sought leave
   to appeal to the Michigan Supreme Court which, in lieu of
   granting leave to appeal, remanded the case to the Court of
   Appeals for reconsideration in light of *Precopio v Detroit,* 415
   Mich 457 (1982). 417 Mich 894 (1983). On remand, *held:*

   1. In a nonjury case such as this, the "clearly erroneous"
   standard is to be applied by the reviewing court to both
   findings of fact generally and to the amount of damages. A
   finding is clearly erroneous when, although there is evidence to
   support it, the reviewing court on the entire evidence is left
   with a definite and firm conviction that a mistake has been
   committed. If the reviewing court determines that the trial
   court made a mistake, the reviewing court must substitute its

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error §§ 839-845.
[1-3] 5 Am Jur 2d, Appeal and Error §§ 836, 933.
[3] 5 Am Jur 2d, Appeal and Error § 892 note.

own appraisal of the record and may reduce damages or may conditionally affirm the award.

2. The "clearly erroneous" standard of review was applied in the previous decision of the Court of Appeals.

3. After reconsideration, and aided by the guidelines of *Precopio,* the Court of Appeals was unable to find that the trial court made a mistake.

Affirmed.

1. APPEAL — "CLEARLY ERRONEOUS" STANDARD — NONJURY CASES.

The "clearly erroneous" standard is to be applied by a reviewing court to both findings of fact generally and to the amount of damages in a nonjury case.

2. APPEAL — "CLEARLY ERRONEOUS" STANDARD.

The "clearly erroneous" standard of review provides that a finding is clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed; a reviewing court which determines that the trial court made a mistake must substitute its own appraisal of the record and may reduce damages or may conditionally affirm the award.

3. APPEAL — PERSONAL INJURY AWARDS.

There are no absolute standards by which to measure personal injury awards, particularly awards for pain and suffering, which should rest within the sound judgment of the trier of fact.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Stanley S. Schwartz, Jeremy L. Winer* and *Richard D. Toth),* plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Terrence P. Grady* and *Wallace T. Hart,* Assistants Attorney General, for defendant.

## ON REMAND

Before: CYNAR, P.J., and V. J. BRENNAN and T. M. BURNS, JJ.

V. J. BRENNAN, J. On February 28, 1983, this case was remanded to us by order of the Supreme Court with the mandate to reconsider our previous opinion in this matter in light of *Precopio v Detroit,* 415 Mich 457; 330 NW2d 802 (1982). *Radloff v State of Michigan,* 417 Mich 894; 330 NW2d 692 (1983).

In *Precopio, supra,* the Supreme Court set forth the standards for review of awards for personal injury in both jury and nonjury cases. Regarding nonjury cases, which the present case was, the Supreme Court stated that the "clearly erroneous" standard is to be applied by the reviewing court to both findings of fact generally and to the amount of damages. A finding is clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. If the reviewing court determines that the trial court made a mistake, the reviewing court must substitute its own appraisal of the record and may reduce damages or may conditionally affirm the award.

In our previous decision, *Radloff v State of Michigan,* 116 Mich App 745; 323 NW2d 541 (1982), we reviewed the defendant's claim that the verdict was excessive. After a bench trial, the trial court awarded plaintiff $7,491,854. Although we opined that the verdict was clearly more than what we would have awarded, we felt compelled to affirm it because it appeared to us that the trial court, after reviewing the evidence presented by plaintiff, awarded damages in accordance with the testimony presented. Furthermore, the defendant did not offer any proofs whatsoever to contradict plaintiff's proofs.

Upon remand, we note that our first decision did

not fully set forth the standard we employed when reviewing the issue of whether the verdict for damages was excessive. While we stated that a verdict is excessive if it shocks the judicial conscience, we did not specifically set forth the "clearly erroneous" standard of review. Thus, it appears that we may not have applied the "clearly erroneous" standard. However, after review, we find that the "clearly erroneous" standard was in fact applied. Previously, we found that the trial court awarded damages in accordance with the testimony presented and that there was no error on the part of the trial court in its award for either past or future intangible damages. *Radloff, supra,* pp 760, 762. Furthermore, we quite diligently searched the trial record to determine whether the trial court made a mistake and found no mistakes. We reach the same conclusion after reconsideration and aided by the guidelines of *Precopio.*

Once more, we note that the trial court and this Court were not assisted in any way by defense counsel. The trial court was not presented with an alternate damage schedule. Additionally, the trial court carefully went over each item of damages and made detailed findings on the record as to its conclusions in each area. An itemized list of damages and the amounts awarded is contained in our original opinion. It is well established that there are no absolute standards by which to measure personal injury awards, particularly awards for pain and suffering, which should rest within the sound judgment of the trier of fact. *Precopio, supra,* pp 464-465. Granted, the total amount of the award in this case seems extraordinarily high, and in our original opinion we stated that it was

certainly more than what this Court would have awarded. However, after reconsideration, and aided by the guidelines of *Precopio,* we quite frankly are unable to find that the trial court made a mistake. The findings of the trial court are supported by the proofs which in the main were unrebutted.

On reconsideration, we affirm.