*In re* CLAIM OF CARR

(CARR v PACKEY)

Docket No. 119271. Submitted November 19, 1990, at Detroit. Decided May 7, 1991, at 9:55 A.M.

Alvin Carr, as personal representative of the estate of his late wife, Delores Carr, brought a wrongful death action in the Wayne Circuit Court against Dennis Packey, D.O., and others. The parties reached a settlement in the amount of $400,000, which the court approved, Irwin H. Burdick, J. Of the $259,366 remaining after costs and attorney fees were deducted from the settlement proceeds, the plaintiff proposed that each of the decedent's five children be awarded $5,000 and that the rest be awarded to him. David D. Carr, one of the children, sought a greater share of the settlement proceeds, contending that $5,000 was inadequate compensation for his loss of the society, companionship, and financial support of the decedent. Following a hearing, the court, Samuel A. Turner, J., awarded $5,000 to each of the other children, $20,729 to David D. Carr, and the remainder to the plaintiff. David D. Carr appealed.

The Court of Appeals *held*:

MCL 600.2922; MSA 27A.2922 requires that a trial court's distribution of the proceeds of a settlement of a wrongful death action be fair and equitable. Such a distribution will be reviewed on appeal for clear error and therefore will not be disturbed in the absence of a definite and firm conviction upon review of the entire record that a mistake has been made.

In this case, the trial court did not clearly err in making its award to the appellant, in light of its findings regarding the nature of the relationship between the appellant and the decedent.

Affirmed.

*Robin H. Kyle,* for David D. Carr.

*Bendure & Thomas* (by *Mark R. Bendure* and *Laura J. Gabel*), for Alvin Carr.

Before: MARILYN KELLY, P.J., and HOLBROOK, JR., and SULLIVAN, JJ.

PER CURIAM. Plaintiff and defendants reached an agreement to settle this wrongful death action for $400,000. David D. Carr (claimant), the son of plaintiff and plaintiff's decedent, rejected an offer of $5,000 as his share of the estate. Claimant requested instead that the trial court determine the amount he should receive as compensation for the loss of his mother's society and companionship and for the loss of financial support. Following a hearing, the trial court issued an opinion awarding claimant $20,729, and an order was subsequently entered consistent with that opinion. Claimant appeals as of right from the order of distribution. We affirm.

This matter was originally commenced as a medical malpractice action for the wrongful death of Delores Carr. After litigation had continued for more than two years, a negotiated settlement was reached. Wayne Circuit Judge Irwin H. Burdick approved the settlement, in the amount of $400,000, as being in the best interest of the estate.

On December 21, 1988, plaintiff filed a petition seeking the approval of the trial court regarding distribution of the settlement proceeds. After costs and attorney fees, there remained $259,366 to be distributed. Plaintiff proposed that all of it be distributed to himself as the widower of the decedent because none of the decedent's children had contacted him with regard to sharing in the estate after notice had been given. Judge Burdick approved plaintiff's plan for distribution on January 6, 1989, but six days later set aside the approval and ordered the appointment of a guardian ad litem to represent the interests of Dollie Carr,

Linda Carr, Anna Carr, Mary Carr, and claimant, children of the decedent, with a new order for distribution to be considered after receipt of a report from the guardian ad litem.

On February 22, 1989, claimant, represented by his own counsel, filed a claim for a share of the settlement proceeds as the surviving son of the decedent. Claimant alleged he should be compensated for the loss of society and companionship of his mother, as well as the loss of financial support because his mother frequently and regularly gave him money for daily living expenses because of his limited ability to provide for himself.

In his deposition, claimant testified that since the time he was seventeen years old, he lived off and on with his mother and plaintiff. When claimant did not live with his parents, he visited with his mother every other day or at least three times a week. During this period, claimant's mother did provide some financial support although plaintiff never did. Claimant stated that he had last lived with his mother in 1983 and during that time received five to ten dollars a week from his mother. Claimant was told by his mother to get a job; she also provided claimant with meals, although she asked that claimant pay $5 a week to stay with her. At that time, the decedent was living on monthly social security disability payments of $365. At the time of his mother's death, claimant was serving time in prison at Ionia.

On April 4, 1989, plaintiff filed a second motion for authority to distribute the proceeds. In his petition, plaintiff proposed that Anna Carr and Linda Carr each receive $5,000 from the estate pursuant to the consents to settlement they had executed. Previously, Dollie Carr had stated she did not wish to share in the proceeds, but $5,000 was eventually allocated to her. Plaintiff also pro-

posed that $5,000 be placed in trust for Mary Carr, whose whereabouts were unknown at the time. Five thousand dollars was proposed for claimant as well.

Wayne Circuit Judge Samuel A. Turner conducted a hearing on the second motion for authority to distribute. The only issue in controversy was the amount of the settlement proceeds to which claimant was entitled. Claimant's position was that the $5,000 was inadequate compensation where the total settlement was $400,000 because he had demonstrated his loss of society and companionship in addition to his loss of financial support. Claimant argued that whatever the others had agreed to accept was irrelevant to his claim for a fair share. Plaintiff argued that claimant was entitled to no more than that given to his siblings, particularly in light of the fact that claimant was hardly with his mother for the later part of her life because of his incarcerations.

Judge Turner issued an opinion on June 23, 1989, finding that claimant was entitled to receive $20,729 as his share of the settlement proceeds for the loss of society, companionship, and financial support of his mother. An order consistent with that opinion was entered July 11, 1989. Claimant appeals from that order.

Claimant's sole issue on appeal requires us to review the amount the trial court awarded him from the settlement reached by his mother's estate for her wrongful death. Claimant argues that the trial court abused its discretion in awarding him only $20,729 as compensation for the loss of society, companionship, and financial support.

Michigan's wrongful death act, MCL 600.2922; MSA 27A.2922, provides the procedure for the trial court to follow in distributing proceeds, but

provides little guidance in deciding how to arrive at a distribution that is "fair and equitable."

As a general matter, decisions made by a trial court involving findings of fact are reviewed under a clearly erroneous standard. MCR 2.613(C). The same standard is applied to damage awards in nonjury cases. *Radloff v Michigan (On Remand)*, 136 Mich App 457, 459; 356 NW2d 31 (1984). We hold that a trial court's decision concerning the distribution of settlement proceeds pursuant to MCL 600.2922; MSA 27A.2922 shall likewise be reviewed under the clearly erroneous standard. That is, a finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction after a review of the entire record that a mistake has been made. *Radloff, supra.* If the reviewing court determines that the trial court made a mistake, it will then substitute its own appraisal of the record and reduce damages or conditionally affirm the award. *Id.*

There is, of course, no precise formula for determining damages for loss of a loved one's society and companionship. *Kirk v Ford Motor Co,* 147 Mich App 337, 347; 383 NW2d 193 (1985). While a reviewing court generally will not disturb a jury award for loss of society and companionship if it is within the limits of what reasonable minds would consider just compensation, given the fact that the award before us was made by a trial court, we will review it to determine if there is evidence to support the distribution of the estate on the basis of the parties' relationships to the decedent.

The evidence below established that claimant's relationship with his mother was somewhat strained because of his incarcerations. His problems with the criminal justice system accounted for most of his separations from his mother since

the age of twelve. Even though these separations were shown to have caused the decedent great pain and disappointment, it does not detract from the quality of the relationship claimant had with his mother. It only accounts for the quantity of the time they spent together.

Although there is no question that claimant has suffered pain as the result of the loss of his mother, the loss of society and companionship addresses the compensation for the destruction of family relationships which results when one family member dies. *Crystal v Hubbard,* 414 Mich 297, 326; 324 NW2d 869 (1982). The only reasonable measure of the actual destruction caused is to assess the type of relationship the decedent had with the claimant in terms of objective behavior as indicated by the time and activity shared and the overall characteristics of the relationship.

Reviewing the evidence, we believe the trial court's award and its findings were supported by the evidence. Because claimant was in and out of trouble over the years, he clearly was not available to develop a quality relationship with his mother. The evidence instead paints a picture of decedent as a person who functioned in the role of peacemaker in the family dynamics. Claimant did not heed his mother's repeated urgings that he reform. The evidence strongly indicates that claimant's relationship with his mother was one which he attempted to foster only when he found himself in trouble and on the streets. The evidence is quite clear that the decedent enjoyed a much closer relationship with one of her daughters. Moreover, it is quite clear that it was plaintiff who stayed with the decedent throughout her long illnesses.

However, the amounts for which the claimant's siblings agreed to settle their respective claims are irrelevant when reviewing claimant's award be-

cause those amounts were reached by consent. After deducting those awards, the amount to be distributed between plaintiff and claimant still remains to be determined. Given plaintiff's position as decedent's spouse and the fact that he stood by her and supported her throughout her long illnesses leads us to believe that the difference in the shares of the proceeds between plaintiff and claimant is completely justified.

We therefore conclude that there was evidence to support the trial court's award of $20,729 to claimant for the loss of society, companionship, and financial support. Claimant has not demonstrated that the award was not fair and equitable upon the facts of this case and we find that the award was not clearly erroneous.

Affirmed.

MARILYN KELLY, P.J., concurs in the result only.