GIRARD v WAGENMAKER

Docket No. 88863. Submitted March 3, 1987, at Grand Rapids. Decided December 20, 1988. Leave to appeal applied for.

Larry G. Girard brought an action in the Muskegon Circuit Court pursuant to the Paternity Act seeking a determination of the paternity of defendant's minor child. Plaintiff alleged that he is the child's biological father, requested a determination of paternity and entry of an order of filiation naming him as the biological and legal father, and requested that the court set child support and grant him visitation rights. At the time of the child's conception, defendant, Judy Wagenmaker, was married to Harvey Wagenmaker. She and Mr. Wagenmaker remain married. Defendant did not file an answer, but moved for summary disposition on the ground that plaintiff had not established that the child was a "child born out of wedlock" and so subject to the Paternity Act. Defendant argued that the circuit court must first determine that the child was not an issue of the marriage as a prerequisite to plaintiff's paternity action. Defendant made no allegations concerning the identity of the child's biological father and also renounced any claim against plaintiff for child support. The trial court, R. Max Daniels, J., ruled that plaintiff did not have standing under the Paternity Act to request a determination of paternity, visitation or custody, and granted defendant's motion for summary disposition. The trial court also denied defendant's motion for sanctions and attorney fees. Plaintiff appealed from the trial court's grant of summary disposition in favor of defendant. Defendant appealed from the trial court's denial of her motion for sanctions and attorney fees.

The Court of Appeals held:

1. A man claiming himself to be the biological father of a child has standing under the Paternity Act to seek an order of filiation, even where the child's mother was legally married to another man at the time of conception or birth.

2. A putative father's complaint under the Paternity Act

REFERENCES

Am Jur 2d, Bastards §§ 1, 11, 19 et seq., 104 et seq.

Who may dispute presumption of legitimacy of child conceived or born during wedlock. 90 ALR3d 1032.

sufficiently supports standing if it alleges facts sufficient to show that the child is not the issue of the marriage and that plaintiff is the biological father of the child.

3. Plaintiff is a putative father. The Paternity Act does not limit putative fathers only to men accused by another. The act grants standing to putative fathers who allege paternity themselves.

4. Plaintiff did not need a judicial determination that the child is a child born out of wedlock at the time that he filed the complaint. The trial court erred in holding otherwise.

5. Since plaintiff had standing to bring his action, defendant had no grounds for her motion for sanctions and attorney fees. The trial court properly denied the motion.

The grant of summary disposition in favor of defendant is reversed and the denial of defendant's motion for sanctions and attorney fees is affirmed.

1. PARENT AND CHILD — PATERNITY ACT — STANDING.

A man claiming himself to be the biological father of a child has standing under the Paternity Act to seek an order of filiation, even where the child's mother was legally married to another man at the time of conception or birth; the act grants standing to putative fathers who allege paternity themselves (MCL 722.711 *et seq.*; MSA 25.491 *et seq.*).

2. PARENT AND CHILD — PATERNITY ACT — CHILD BORN OUT OF WEDLOCK.

The Paternity Act includes in its definition of a "child born out of wedlock" a child born to a legally married woman but which child is not the issue of the husband (MCL 722.714[6]; MSA 25.494[6]).

3. PARENT AND CHILD — PATERNITY ACT — PUTATIVE FATHERS — STANDING.

A putative father's complaint under the Paternity Act sufficiently supports standing if it alleges facts sufficient to show that the child is not the issue of a marriage and that plaintiff is the biological father of the child; a determination that the child is a child born out of wedlock and not a child of a marriage need not precede the filing of a complaint seeking an order of filiation under the act (MCL 722.711[1][a]; MSA 25.491[1][a]).

4. PARENT AND CHILD — PATERNITY ACT — PUTATIVE FATHERS.

A putative father means a man reputed, supposed, or alleged to be the biological father of a child; the Paternity Act does not limit putative fathers only to men accused by another; a

plaintiff who alleges in his complaint under the act that he had sexual intercourse with the defendant mother during the time period when the child was conceived is a putative father.

*Marcus, Vander Ploeg & Ruck* (by *Robert S. Engel*), for plaintiff.

*Paul M. Ladas,* for defendant.

Before: GRIBBS, P.J., and WALSH and J. F. FOLEY,* JJ.

J. F. FOLEY, J. Plaintiff brought this action pursuant to the Paternity Act, MCL 722.711 *et seq.*; MSA 25.491 *et seq.*, seeking a determination of the paternity of defendant's minor child. Plaintiff appeals as of right from a grant of summary disposition in favor of defendant. We reverse.

Defendant appeals as of right from the trial court's denial of her motion for sanctions and attorney fees pursuant to MCR 2.114. We affirm.

At the time of conception, defendant, Judy Wagenmaker, was married to Harvey Wagenmaker and she has remained married to him. Plaintiff's complaint alleges that he is the child's biological father and requests the circuit court to determine paternity and enter an order of filiation naming plaintiff as her biological and legal father. Plaintiff also requests the court to set child support and to grant him visitation rights. Plaintiff filed a motion for blood tests on June 25, 1985.

On June 19, 1985, Harvey Wagenmaker petitioned to intervene, claiming an interest as the child's father because plaintiff's suit threatens his parental relationship with the child. Mr. Wagenmaker did not allege that he was the biological father. The circuit court did not address this mo-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tion since it granted summary disposition to defendant on plaintiff's claim.

Defendant did not file an answer but moved for summary disposition on the ground that plaintiff had not established that the child was a child "born out of wedlock," MCL 722.711(1)(a); MSA 25.491(1)(a), and so subject to the Paternity Act. Defendant argued that the circuit court must first determine that the child was not an issue of the marriage as a prerequisite to plaintiff's paternity action. Defendant made no allegations concerning the identity of the child's biological father and also renounced any claim against plaintiff for child support.

The trial court ruled that plaintiff did not have standing under the Paternity Act to request a determination of paternity, visitation or custody, and granted defendant's motion for summary disposition. The trial court granted defendant's motion for sanctions and attorney fees and then reversed itself and denied that motion. Defendant appeals as of right from the trial court's denial of that motion.

We consider defendant's motion as alleging that plaintiff has failed to state a claim upon which relief may be granted. MCR 2.116(C)(8). Summary disposition pursuant to this court rule is proper only if the pleadings are so clearly unenforceable as a matter of law that no factual development can justify a right of recovery. *Chapin v Coloma Twp*, 163 Mich App 614; 415 NW2d 221 (1987).

We hold that a man claiming himself to be the biological father of a child has standing under the Paternity Act to seek an order of filiation, even where the child's mother was legally married to another man at the time of conception or birth.

MCL 722.711(1)(a); MSA 25.491(1)(a) includes in its definition of "child born out of wedlock" a child

born to a legally married woman but which child is not the issue of the husband. MCL 722.714(6); MSA 25.494(6) provides:

> The father or putative father of a child born out of wedlock may file a complaint in the circuit court in the county in which the child or mother resides or is found, praying for the entry of the order of filiation as provided for in section 7. The mother of the child shall be made a party defendant and notified of the hearing and the complaint by summons which shall be in such form as the court shall determine and shall be served in the same manner as is provided by court rules for the service of process in civil actions. The court, following the hearing, may enter an order of filiation which shall have the same effect, be subject to the same provisions, and enforced in the same manner as an order of filiation would be if entered on complaint of the mother.

The trial court interpreted these provisions as granting plaintiff standing only where the court had previously determined that the child was not an issue of the Wagenmakers' marriage, such as in a divorce action. Since the trial court found no proof that the child had been adjudicated "a child born out of wedlock," it determined that plaintiff was merely a self-proclaimed father and not a "putative father under the statute." We disagree.

MCL 722.711(1)(a); MSA 25.491(1)(a) provides:

> As used in this act:
> (a) "Child born out of wedlock" means a child begotten and born to a woman who was not married from the conception to the date of birth of the child, or a child which the court has determined to be a child born or conceived during a marriage but not the issue of that marriage.

The trial court apparently relied on the use of

the past tense in the phrase "a child which the court has determined." We do not believe that this language limits standing for putative fathers to those cases where a determination that the child is not a child of the marriage precedes the filing of the complaint seeking an order of filiation under the act. A putative father's complaint under the act sufficiently supports standing if it alleges facts sufficient to show that the child is not the issue of the marriage and that plaintiff is the biological father of the child.

The statute grants standing to putative fathers who bring complaints seeking determination of paternity. The Paternity Act was intended to provide a means of determining the identity of a child's biological father. The trial court's interpretation of the statute is contrary to the language of MCL 722.711; MSA 25.491 and MCL 722.714(6); MSA 25.494(6).

Plaintiff here is a putative father, having alleged in his complaint that he had sexual intercourse with the defendant mother during the time period when the child was conceived. A putative father means a man reputed, supposed, or alleged to be the biological father of a child. The statute does not limit putative fathers only to men accused by another. See *Syrkowski v Appleyard,* 420 Mich 367; 362 NW2d 211 (1985). The plain language of the statute grants standing to putative fathers who allege paternity themselves.

The allegations in plaintiff's complaint are the same as those which would be sufficient to support a complaint brought by the defendant mother. The statute does not require mothers to prove that the child is a "child born out of wedlock" before bringing a paternity action. MCL 722.714(4); MSA 25.494(4). The statute is intended to provide a

means for determining paternity, as well as for enforcement of support obligations. We hold that plaintiff did not need a judicial determination that the child is a child born out of wedlock at the time that he filed the complaint.

Defendant argues that allowing plaintiff's action threatens the institution of the family. The Legislature has addressed this problem in the Paternity Act by providing sanctions for frivolous or malicious claims. MCL 722.722; MSA 25.502.

Since we hold that plaintiff has standing to bring this suit under the Paternity Act, defendant has no grounds for a motion for sanctions and attorney fees pursuant to MCR 2.114(F). The trial court's grant of summary disposition in favor of defendant is reversed and its denial of defendant's motion for sanctions and attorney fees is affirmed.

Reversed in part and affirmed in part.