PEOPLE v PURCELL

Docket No. 102629. Submitted October 13, 1988, at Detroit. Decided
    January 3, 1989. Leave to appeal applied for.

Donald Martin Purcell was found guilty of two counts of assault
    with intent to commit criminal sexual conduct involving pene-
    tration at the conclusion of a bench trial in Detroit Recorder's
    Court, Leonard Townsend, J. The trial court departed from the
    sentencing guidelines recommendation in sentencing defendant
    to concurrent prison terms of 3½ to 10 years. Defendant
    appealed.

    The Court of Appeals held:

    1. The minimal time the trial court spent deliberating before
    reaching its decision was not an indication that the trial court
    failed to consider the defense's closing argument or the evi-
    dence it offered nor did it constitute a denial of defendant's due
    process rights.

    2. The trial court considered the presentence report, gave
    proper reasons for departing from the sentencing guidelines,
    and the sentence imposed did not shock the conscience of this
    Court.

    Affirmed.

1. Criminal Law — Bench Trials — Deliberations.

    A trial judge sitting as the trier of fact in a criminal case is
    under no requirement to spend a specific minimum time before
    reaching a decision and need only deliberate to the extent
    necessary to reach a fair decision.

2. Criminal Law — Sentencing — Evidence of Greater Offenses.

    Where there is record support that a greater offense has been
    committed by a defendant than that for which he was con-
    victed, such greater offense may be considered by the judge as
    an aggravating factor at sentencing without an admission of
    guilt by the defendant.

References

Am Jur 2d, Criminal Law §§ 598, 599; Trial §§ 1250 et seq.
See the Index to Annotations under Sentence and Punishment;
    Trial by Court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jeffrey E. Theodore,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* for defendant.

Before: HOLBROOK, JR., P.J., and SAWYER and J. M. BATZER,* JJ.

PER CURIAM. Defendant was originally charged with two counts of third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4). He waived trial by jury, and was the only witness for the defense.

Underlying defendant's convictions was the victim's testimony that on October 4, 1986, at 3:30 A.M., on her way home from a friend's house, she stopped for a stop sign at Allen Road in Allen Park. Defendant got into her car, began choking her, and told her that he needed a ride. At defendant's request, the victim drove defendant to a side street in Lincoln Park where, after struggling with defendant for her car keys, defendant performed nonconsensual oral and vaginal sexual intercourse with her. The victim testified that she was afraid that if she did not do what defendant demanded, defendant would choke her to death.

Defendant's version of events was that he was hitchhiking home from a bar in the early morning hours in question when the victim stopped her car and offered him a ride. When he got in her car, the victim suggested that they go for a ride, and the victim drove to the side street in Lincoln Park. With the victim's full consent, he and the victim

---

* Circuit judge, sitting on the Court of Appeals by assignment.

engaged in sexual intercourse. Defendant denied ever choking the victim, taking her car keys away from her, or forcing her to comply with his sexual demands in any way.

When a tow-truck driver pulled up next to her car, the victim got out of the car and claimed that she had been raped.

After hearing the evidence and arguments, the trial court without lengthy pause found defendant guilty of two counts of the lesser offense of assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1); MSA 28.788(7)(1).

At sentencing, the trial court indicated that it had given defendant a "break" at trial by finding him guilty of the lesser offense, and departed from the sentencing guidelines minimum sentence range of zero to eighteen months in sentencing defendant to concurrent terms of 3½ to 10 years imprisonment. Defendant now appeals as of right both his convictions and the sentences imposed.

First, defendant claims that he was denied the due process of law guaranteed him under both our federal and state constitutions on the grounds that the trial court failed to deliberate and did not fully consider the evidence. Defendant argues that the trial court exacerbated its failures by using its disbelief of defendant's testimony, in which defendant claimed that the victim consented, in reaching its "hasty finding of guilt." Defendant also claims that the trial court capriciously disregarded the defense's closing argument, and in particular did not read or consider the contents of the victim's medical report.

Defendant's claim is unfounded. We have reviewed the trial transcript in this matter and, while the trial court did not deliberate at length,

there is no evidence to suggest that the trial court did not consider defendant's closing arguments or the evidence. We are unaware of any rule requiring a minimum length of time for deliberation by the trial court as trier of fact, nor does defendant cite any. We decline to impose any such minimum-time rule. We see no good purpose to be served by a requirement that a trial court pause for a longer period of time than needed by that particular judge and pretend to reflect on a case that has already been reflected on sufficiently for the trial court to fairly decide the case. Absent a demonstration to the contrary, we presume that the proceedings were proper and that the trial court discharged its duties in a constitutional manner. *People v Iacopelli,* 141 Mich App 566, 568; 367 NW2d 837 (1985).

Neither was there an absence of independent evidence to support the trial court's finding of guilt, thus distinguishing this case from *People v Matthews,* 17 Mich App 48, 53, n 5; 169 NW2d 138 (1969), upon which defendant relies. A trial court may properly make findings based on its resolution of the credibility issue. MCR 2.613(C); see, e.g., *People v Robinson,* 145 Mich App 562; 378 NW2d 551 (1985).

Second, defendant contends that he was denied a fair sentence, alleging that the trial court improperly determined the sentence to be imposed before reviewing the presentence report in violation of defendant's entitlement to an individualized sentence under *People v Triplett,* 407 Mich 510; 287 NW2d 165 (1980). Defendant also contends that, in departing from the sentencing guidelines, the trial court improperly based its sentence on an impermissible factor, i.e., its giving defendant a "break" at trial by finding defendant guilty of the lesser offense than that originally charged, and that the

sentence imposed should shock our appellate conscience.

We have reviewed the transcript of the sentencing proceeding and find that there is no evidence showing that the trial court failed to review the presentence report prior to determining sentence. In stating, "I gave him a break by reducing the charge" and then departing from the sentencing guidelines minimum sentence range of zero to eighteen months in imposing sentence, the trial court merely informed defendant that defendant had already benefited from its leniency and could not expect more leniency. Relying on *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), defendant argues that the trial court improperly assumed defendant's guilt of a charge of which he was not convicted. However, *Grimmett* is inapplicable since it stands for the proposition that a sentencing judge may not make an independent finding of guilt on some other still-pending charge for which defendant is awaiting trial. The trial court stated its reasons for departure on the record, including the psychiatric report recommendation of a long term of incarceration, defendant's posing a danger to himself and others, and the circumstances of the case, all proper reasons under *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972). See also *People v Howell,* 168 Mich App 227; 423 NW2d 629 (1988).

Further, where as here there is record support that a greater offense has been committed by a defendant, it may constitute an aggravating factor to be considered by the judge at sentencing without an admission of guilt by defendant. *People v Fleming,* 428 Mich 408, 418; 410 NW2d 266 (1987). Even though the trial court may not have thought the proof to be beyond a reasonable doubt necessary for a conviction of the greater charge, it may

very well have thought, based on a preponderance of the evidence, that the aggravating factors occurred. *People v Walker,* 428 Mich 261, 268; 407 NW2d 367 (1987).

The reasons given for departure were proper. Our appellate conscience is not shocked by the sentence imposed. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

Affirmed.