PEOPLE v DUPREY

Docket No. 121100. Submitted September 5, 1990, at Detroit. Decided November 19, 1990, at 9:00 A.M.

Russell F. Duprey was charged with breaking and entering an occupied dwelling with intent to commit a felony and second-degree criminal sexual conduct. In exchange for dismissal of those charges, Duprey pled guilty in the Oscoda Circuit Court, J. Richard Ernest, J., of attempted second-degree criminal sexual conduct. At the sentencing hearing, the trial court indicated awareness of the sentencing guidelines, but proceeded to depart from the guideline range and impose a greater sentence because of mitigating and aggravating circumstances. The defendant appealed.

The Court of Appeals held:

The trial court's departure was justified under the circumstances and its sentence was proportionate to the seriousness of the matter for which it was imposed.

1. While the trial court did not have the benefit of the Supreme Court's opinion in People v Milbourn, 435 Mich 630 (1990), there is no need to remand for resentencing because the sentence and the trial court's reason for imposing it are susceptible of appellate review.

2. Milbourn did not address the unique sentencing situation in this case where the defendant pled guilty in exchange for the dismissal of other charges and of a lesser offense. Such pleas invariably present the sentencing court with important factors that may not be adequately embodied in the guideline variables. A trial court's consideration of factors not adequately addressed in the guidelines becomes more compelling in a plea-based sentence. Absent such consideration, the court would likely be unable to fashion a punishment that would be proportionate to the seriousness of the matter at hand.

Affirmed.

MURPHY, J., dissenting, stated that the case should be re-

REFERENCES

Am Jur 2d, Criminal Law §§ 598, 599.

See the Index to Annotations under Guilty Plea; Plea Barganing; Sentence and Punishment.

manded to the trial court for resentencing in light of *People v Milbourn,* 435 Mich 630 (1990), because the defendant adequately raised and preserved the issue of sentence length and the trial court substantially departed from the sentencing guidelines.

Sentences — Proportionality — Guilty Pleas.

A sentencing court's consideration of factors not adequately addressed in the sentencing guidelines is more compelling where a conviction has been obtained as a result of a guilty plea offered in exchange for dismissal of other charges or of a lesser offense; absent consideration of such factors by the court, it is unlikely that it would be able to fashion a punishment that would be proportionate to the seriousness of the matter for which punishment is imposed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Thomas L. Casey,* Assistant Solicitor General, *Barry L. Shantz,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

*Daniel G. Van Norman,* for the defendant.

Before: Hood, P.J., and Wahls and Murphy, JJ.

Hood, P.J. Defendant pled guilty of attempted second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3); MCL 750.92; MSA 28.287. In return, counts of breaking and entering an occupied dwelling with intent to commit a felony and second-degree criminal sexual conduct during the commission of a felony were dismissed. Defendant was sentenced to three to five years in prison and appeals as of right. We affirm.

The sentencing guidelines range in this case called for a minimum sentence of zero to twelve months, and the sentence imposed was therefore three times the high end of the guideline range. Defendant's sole claim on appeal is that the trial court gave totally inadequate reasons for such a

drastic departure from the guidelines and that this was contrary to *People v Coles,* 417 Mich 523, 549-550; 339 NW2d 440 (1983). The following statement was made by the trial court in imposing sentence:

> *The Court:* All right, I can take into consideration the pluses, the no prior felony record, the work record, the fact that you're supporting yourself, that you had an acquaintance with the victim and come up with the argument as Mr. Burzlaff has suggested that the Court treat you with leniency and give you an opportunity to show now that you're not drinking, that this is an isolated incident of behavior, but then, also, we have to add into this equation the fact that although you had met the victim in a bar, apparently, you didn't accompany her home. This wasn't a date. She has no explanation for how you found out where she lived other than if you surreptitiously followed her.
>
> *The Defendant:* I didn't do that.
>
> *The Court:* You didn't knock on the door and ask to come in and were admitted in and offered a cup of coffee or a drink and various intimacies developed. You went to the back, to the bedroom, and removed a screen, gained access through a window while the victim was sleeping. Further, we take into consideration, if we're going to add some other things into the equation, you didn't shake her on the shoulder and say, hey, I'm Louie, wanted to carry on our conversation at the bar. You had prepared to try to conceal your identity and had a ski mask on. So, here's this woman living alone woke up at night, and here's a male sitting there attempting to sexually violate her and whose identify (sic) is concealed with a mask. I said ski mask, pullover sweater cap, stocking cap with eye holes cut in it I guess it was, and that's the situation that she's confronted with and that occurred no (sic) even on the street where she'd have a right to be secure, but rather in her own

home, which is a place where, if any place, we expect to have a right to be secure. It's in our own home. If we don't feel secure, if our home is violated, we lose all sense of security, and when I put these negatives into the equation and then balance that equation, the scale thumps on the side of the negatives. Your positives you urge to offset this don't weigh much, they don't count for much considering the negatives, and I'm also taking into consideration, in view of the crime that was committed here, that the major leniency in this case has already been given to you. You don't stand here convicted of B & E with intent to commit a felony or assault with intent to commit a felony. You stand here convicted of attempted CSC Second, which carries a maximum penalty of five years in prison, and this is the kind of conduct that a society does not tolerate, our society does not tolerate, and if for no other reason than simply deterrence to others, a substantial prison sentence should be imposed. This is the kind of crime that punishment is merited. It's not a crime against property. It's a crime against person. So, a sentence should have a punishment aspect, also. Rehabilitation, I don't know as though rehabilitation is going to do anything. If it's an offense that came out of drinking, if you're out and drinking, you may well do something similar again. Persons who commit criminal conduct while under the influence of alcohol or who have their reasoning capacities diminished due to alcohol or other drugs, aren't influenced by possible criminal penalties, unfortunately, but in this case, particularly, as a deterrent to others, and as a punishment for conduct that can't be tolerated, that cause anguish, perhaps not physical but, certainly emotional and mental anguish, I believe the guidelines are totally inadequate. They don't consider the breaking in of the victim's home, the nighttime entry while she was asleep, the assault while she laid sleeping, and your planning and attempting to conceal your identity with this hat, and the impact that has on the victim, and for these reasons, the

Court's departing from the sentence guidelines, and you're sentenced to the State Department of Corrections for the maximum period provided by law of five years, and for the minimum set by this Court of three years. That exceeds the guidelines by two, I recognize that, and I believe for this type of crime you very well deserve it.

In *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990), our Supreme Court ruled that the "shocks the conscience" standard of *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), is no longer applicable. Instead, appellate review of a defendant's sentence is now to be guided by the principle of proportionality. *Milbourn, supra,* pp 635-637. This standard requires us to determine whether the sentence was proportionate to the seriousness of the matter for which punishment was imposed. *Id.,* pp 636, 661.

Adherence to the sentencing guidelines is still not required, since departures, in either direction, are appropriate when the guideline range is disproportionate to the seriousness of the matter. *Id.,* pp 656-657. Departures may be justified, for example, where the guidelines do not adequately account for important and compelling factors which may legitimately be considered by the sentencing judge in order to fashion a sentence proportionate to the circumstances. *Id.,* pp 657-661. When presented with a sentencing departure, we must determine whether the particular case involves circumstances that are not adequately embodied within the variables addressed in the sentencing guidelines. *Id.,* pp 659-660.

The trial court in this case quite obviously did not have the benefit of *Milbourn,* and our first inclination, therefore, would be to remand for resentencing in light of *Milbourn.* Under the circumstances in this case, however, we conclude that

a remand would be fruitless since the reasons for the sentence are easily susceptible of appellate review.

*Milbourn* did not address the unique sentencing situation which can be presented when a defendant pleads guilty, particularly when the plea (1) is in exchange for the dismissal of other charges or (2) is of a lesser offense. Such pleas will invariably present the sentencing judge with important factors that may not be adequately embodied in the guideline variables. We believe that the trial court's consideration of factors not adequately addressed in the guidelines becomes more compelling in a plea-based sentence such as this. Absent such consideration, the sentencing judge would likely be unable to fashion a punishment that would be proportionate to the seriousness of the matter at hand.

We have reviewed defendant's sentence in accordance with the proportionality standard of *Milbourn* and in light of the peculiar situation presented by defendant's guilty plea. We have noted that the minimum sentence imposed was three times the recommended guidelines in that the minimum imposed was three years rather than one. However, the trial judge explicitly addressed the mitigating and aggravating circumstances considered for the departure. Specifically, the judge articulated several factors which were deemed not adequately addressed in the guidelines. We therefore find that the trial court's departure was justified under the circumstances and that the sentence was proportionate to the seriousness of the matter for which the punishment was imposed.

We also find meritless defendant's assertion that the trial court assumed that defendant was guilty of the breaking and entering charge which was

dismissed. Defendant, in his guilty plea, clearly
stated that he gained entry to the victim's prem-
ises by popping out a screen and entering through
a window. Also, see *People v Purcell*, 174 Mich
App 126, 130; 435 NW2d 782 (1989), lv den 433
Mich 855 (1989).

Affirmed.

WAHLS, J., concurred.

MURPHY, J. *(dissenting)*. I believe that the defen-
dant has adequately raised and preserved the issue
of sentence length in his appeal. Accordingly, since
the court departed substantially from the sentence
guidelines, I believe the appropriate remedy is to
remand the matter to the trial court for resentenc-
ing in light of *People v Milbourn*, 435 Mich 630;
461 NW2d 1 (1990). I express no opinion whether
the sentence imposed violates the principle of
proportionality.