PEOPLE v SHAVERS

Docket No. 99095. Decided April 12, 1995. On application by the
people for leave to appeal, the Supreme Court, in lieu of
granting leave, reversed in part the judgment of the Court of
Appeals and reinstated the judgment of the circuit court.

Ulysses M. Shavers was convicted by a jury in the Macomb
Circuit Court, Frederick D. Balkwill, J., of voluntary man-
slaughter and possession of a firearm during the commission of
a felony and was sentenced to ten to fifteen years in prison.
The Court of Appeals, CYNAR, P.J., and MARILYN KELLY and
JANSEN, JJ., ordered remand for resentencing (Docket No.
122523). After the trial court reimposed the sentence, the Court
of Appeals, HOOD, P.J., and FITZGERALD, J. (MURPHY, J., concur-
ring in part and dissenting in part), affirmed the convictions in
an unpublished opinion per curiam, but set aside the sentence
on the grounds that the circuit judge had improperly assumed
the defendant to be guilty of murder and had imposed a
disproportionate sentence. The people seek leave to appeal.

In an opinion per curiam, signed by Chief Justice BRICKLEY,
and Justices BOYLE, RILEY, MALLETT, and WEAVER, the Supreme
Court held:

The trial court's rationale in imposing sentence was not
improper. The defendant was convicted of manslaughter, not
murder, and was sentenced accordingly.

Reversed in part.

Justice LEVIN, joined by Justice CAVANAGH, would grant
leave to appeal and dissents from the peremptory reversal of
the Court of Appeals.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Carl J. Marlinga,* Pros-
ecuting Attorney, *Robert J. Berlin,* Chief Appel-
late Lawyer, and *Richard J. Goodman,* Assistant
Prosecuting Attorney, for the people.

*Carolyn A. Blanchard* for the defendant.

PER CURIAM. The defendant was charged with

open murder, but convicted of voluntary man-
slaughter. The circuit court sentenced him to a
term of ten to fifteen years in prison. The Court of
Appeals affirmed the conviction, but set aside the
sentence on the grounds that the circuit judge had
improperly assumed the defendant to be guilty of
murder, and that the circuit court had imposed a
disproportionate sentence. We reverse in part the
judgment of the Court of Appeals and reinstate
the judgment of the circuit court.

I

The defendant was attending a party, when a
fight broke out. One of the defendant's friends was
apparently being beaten. The defendant retrieved
a gun and shot the victim five times. Some of the
shots struck the victim in the back. In a confession
given to the police, the defendant said that he was
attempting only to disperse the crowd, and that he
did not intend to shoot anyone.

The defendant was charged with open murder
and possession of a firearm during the commission
of that felony. MCL 750.316, 750.227b; MSA
28.548, 28.424(2). At the conclusion of a jury trial
at which the defense presented no proofs, the
defendant was convicted of voluntary manslaugh-
ter and felony-firearm. MCL 750.321; MSA 28.553.

The circuit judge imposed a sentence of ten to
fifteen years in prison. He explained:

> Thank you. Very well, the Court naturally has
> been part of the trial sitting as the trial Judge,
> and the Court has heard the complete record. The
> Court notices that you're only 19, but a jury of
> your peers has found that you killed another
> human being, another human life has been taken,
> and a gentleman like yourself, who's black and

deserves every opportunity to continue to live in our society until whatever the mortality tables indicate or whatever life that the future has for that person, and I believe that the testimony that the person that the jury found that you killed was in his twenties, so he had a long life to go yet.

The Court is of the opinion that your act was a cold-blooded act and that you'll repeat it again. I think that you'll kill again.

Based on the Court's evaluation of everything, the Court has heard and read and I've also read the letters that [defense counsel] proffered to the Court, I've read those letters this morning, the Court has noted the guidelines, and the Court is stepping outside the guidelines in this case. The Court observes the brutal aspects of this case which includes the fact, as found by the jury, that you shot an innocent, helpless, defenseless human being five times in the back and the surrounding area of the victim. The evidence shows that the victim was unarmed and running away from you and from your area when you killed him.

Therefore, the Court sentences you first of all to the mandatory two years on the felony firearm charge. There's no credit given for that.

On the voluntary manslaughter charge, for the reasons stated by the Court, the Court sentences you to the maximum of 10 to 15 years. You'll be given credit for 327 days. The Court notes [defense counsel's] recommendation and the Court would recommend that while you're incarcerated, that you be given educational training.

Mr. Shavers, the policy of the State of Michigan favors individualized sentencing for every convicted Defendant. The sentence must be tailored to fit the particular circumstances of the case and the Defendant. In tailoring the sentence to the offense and the Defendant, the Court has gathered complete and detailed information about the Defendant, the Court is satisfied with the reliability of the information received, it is satisfied that it is reasonably up-to-date, it has determined that it is competent as a sentencing consideration, and re-

solves any challenges as to its accuracy in favor of the Defendant.

In determining the sentence for this particular Defendant and this particular case, the Court has considered the disciplining and punishment of the wrongdoer, the protection of society and the deterring of others from committing like offenses.

In the Court of Appeals, the defendant filed a motion for remand, so that he might move the circuit court for resentencing. The Court of Appeals and the circuit court granted the respective motions.

The judge then reimposed the ten- to fifteen-year sentence, after essentially repeating the explanation he gave at the initial sentencing. Because *Milbourn*[1] had been decided between the initial sentencing and the resentencing, the judge added that this case involved facts that were of the most serious variety that one could encounter in a manslaughter case.[2]

The Court of Appeals affirmed the defendant's convictions, but set aside his manslaughter sentence on several grounds. First, the Court of Appeals stated that the defendant was "deprived of due process" and "placed in double jeopardy" as a result of comments made by the sentencing judge. In particular, the Court of Appeals focused on the judge's characterization of the crime as "cold blooded" and on his conclusion that the defendant would "kill again."

The Court of Appeals also located a second ground upon which to reverse. It said that the defendant's ten-year minimum sentence "violates the principle of proportionality" as explained in *Milbourn.*

---

[1] *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

[2] See 435 Mich 650-654.

Writing in dissent, Judge MURPHY stated:

> In my opinion, the court gave ample reasons for
> the guideline departure and for what the court
> considered to be an appropriate sentence in view
> of the fact that the victim was shot in the back
> five times, was unarmed and completely defense-
> less. This sentence, in my opinion, does not violate
> the principle of proportionality established in
> *Milbourn.*
>   Additionally, in my view, the court did not make
> an independent finding of defendant's guilt of first-
> degree murder by referring to his actions as cold-
> blooded, but, rather, the court considered the evi-
> dence admitted at trial as an aggravating factor in
> determining the appropriate sentence. See *People
> v Fleming,* 428 Mich 408, 418; 410 NW2d 266
> (1987); *People v Purcell,* 174 Mich App 126, 130;
> 435 NW2d 782 (1989). Further, the court's com-
> ment regarding defendant repeating the act, in my
> opinion, is no more than the court's method of
> verbalizing its view that society must be protected.
> [Unpublished opinion per curiam, issued
> February 24, 1994 (Docket No. 122523).]

The prosecutor has applied to this Court for
leave to appeal.

II

We agree with and adopt the dissenting opinion
of Judge MURPHY.

It is not disproportionate to impose a ten-year
minimum sentence for manslaughter, where an
unarmed victim was repeatedly shot in the back.
Neither is there any basis for the conclusion that
the sentencing judge improperly found that the
defendant was actually guilty of first-degree mur-
der. As indicated by Judge MURPHY, the sentenc-
ing judge was making permissible inferences from
the evidence introduced at the trial.

The defendant received a manslaughter sentence, not a murder sentence. For the reasons stated by Judge MURPHY, the judge's rationale was not improper. We therefore reverse in part the judgment of the Court of Appeals and reinstate the judgment of the circuit court. MCR 7.302(F)(1).

BRICKLEY, C.J., and BOYLE, RILEY, MALLETT, and WEAVER, JJ., concurred.

LEVIN, J. (*dissenting*). I would grant leave to appeal, and dissent from the peremptory reversal of the Court of Appeals.

CAVANAGH, J., concurred with LEVIN, J.