# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
January 14, 2016

v

BRIAN DAVID BRUGH,

Defendant-Appellant.

No. 323613
Kalamazoo Circuit Court
LC No. 2014-000646-FH

Before: BOONSTRA, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant was convicted by a jury of operating a motor vehicle with the presence of a controlled substance in his body, third offense, MCL 257.625(8), (9)(c); and operating a motor vehicle without a license, MCL 257.301(1). He was acquitted of an additional charge of operating a motor vehicle while visibly impaired, third offense, MCL 625.625(3), (11)(c). He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 2 to 30 years' imprisonment for his conviction under MCL 257.625(8), (9)(c). He now appeals by right his convictions and sentence. We affirm.

Defendant was pulled over by Kalamazoo Township Police Officer Michael Vasilovski at approximately 2:30 a.m. on November 15, 2015. Upon making contact with Vasilovski, defendant immediately admitted that he did not have a driver's license and Vasilovski detected the odor of intoxicants. Defendant initially told Vasilovski that he had consumed three 12-ounce beers that evening, but later admitted that he had actually consumed "closer to a six pack" of tall draft beers. According to Vasilovski, defendant also admitted that he would probably "be over" the legal alcohol limit. After administering various standard field sobriety tests, some of which defendant failed, Vasilovski arrested defendant and took him to the hospital, where samples of his blood were collected. Those samples revealed that defendant had a blood-alcohol content of .06 grams per 100 milliliters and a THC[1] content of one nanogram per milliliter. At trial,

---

[1] "Tetrahydrocannabinol, or THC, is the physiologically active component of marijuana." *People v Koon*, 494 Mich 1, 9 n 3; 832 NW2d 724 (2013), citing *Stedman's Medical Dictionary* (26th ed), p 1791. THC is a schedule 1 controlled substance. MCL 333.7212(1)(c).

defendant admitted smoking marijuana approximately two days before being pulled over. Additionally, as to the night in question, he admitted that he was driving without a valid license and that he had consumed approximately 48 ounces of beer in a five-hour span before driving. He asserted, however, that he was not impaired at the time he was pulled over. He attributed his poor performance on the field sobriety tests to various medical conditions which affected his balance and made his body jerk. Defendant was ultimately convicted as noted above.

On appeal, defendant first argues that he was deprived of a fair trial when the trial court denied his motion for a mistrial after the prosecution introduced improper other acts evidence. We disagree. We review a trial court's decision whether to grant a mistrial for an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). A trial court abuses its discretion when its decision falls "outside the range of principled outcomes." *Id*.

Defendant's claimed error occurred during the prosecution's cross-examination of defendant. After defendant acknowledged laboratory reports indicating that he had alcohol and THC in his system the night he was arrested, the prosecution asked if defendant had also used methamphetamine that day or any time leading up to it. Defendant responded that he had used methamphetamine in the past, but not on the night in question or any recent time leading up to it. He was then asked if there was "any reason" that methamphetamine would have been in his system at the time he was arrested, to which he responded "not that I know of." Upon defense counsel's objection to this line of questioning, a conference was held outside the jury's presence, at which the prosecution asserted that it was in possession of an additional laboratory report— apparently generated from the same blood samples taken from defendant at the hospital on the night of his arrest but not received by the prosecution until the eve of trial—which indicated that defendant also had 170 nanograms per milliliter of methamphetamine in his blood on the night he was arrested. After concluding that defense counsel was not provided this additional report, the trial court ruled that it could not be admitted into evidence. However, the prosecution was allowed to use the report "for questioning purposes." At that point, defense counsel requested a mistrial, but the trial court denied the request and indicated that it would give a limiting instruction. When the jury returned, the prosecution asked defendant the following questions:

> *Q*. Mr. Brugh, if I were in possession of a Michigan State Police laboratory report saying that there was an amount of—detectable amount of methamphetamine in your blood, would you have any reason to dispute that?
>
> *A*. Yes, I would.
>
> *Q*. So, it's your testimony that you—you didn't use methamphetamine around this time?
>
> *A*. No, I did not. Not—if somebody put some in my beer or somethin' at the bar, I don't know. But I did not knowingly use any methamphetamine that day.

Immediately following this line of questioning, the trial court instructed the jury that it could only use the evidence in deciding whether defendant was telling the truth in his testimony, and not for any other purpose.

Defendant argues that the trial court erred in denying his motion for a mistrial because evidence regarding the existence of methamphetamine in his system at the time of his arrest was impermissible under MRE 404(b) and was highly prejudicial. We disagree.

A mistrial should be granted only for an irregularity that is prejudicial to the defendant's rights and impairs his ability to a fair trial. *Schaw*, 288 Mich App at 236. Here, no such irregularity occurred. Contrary to defendant's argument, no "evidence" of the presence of methamphetamine in defendant's system was actually introduced. Instead, the prosecutor merely questioned defendant about whether he had methamphetamine in his system on the night in question and asked whether he would dispute a report purportedly evidencing that fact. The prosecution's questions were not evidence. *People v Mesik (On Reconsideration)*, 285 Mich App 535, 541; 775 NW2d 857 (2009). Had defendant confirmed the prosecution's questions and admitted using methamphetamine around the time of his arrest, any such assertion by defendant would have constituted evidence. *Id*. at 540-541. Instead, defendant denied such use, and the prosecution was left to accept defendant's answer without being able to admit the laboratory report to contradict it. Because no actual evidence of the presence of methamphetamine in defendant's system at the time of his arrest was introduced, there was no basis for declaring a mistrial. In sum, there was no "irregularity," let alone one which was prejudicial to defendant's rights, and the trial court did not abuse its discretion in denying defendant's request for a mistrial. This is especially true where, as the trial court correctly reasoned, a cautionary instruction was sufficient to cure any potential prejudice. *People v Horn*, 279 Mich App 31, 36; 755 NW2d 212 (2008).

Defendant next argues that he is entitled to resentencing because the trial court, in imposing sentence, admonished defendant that his repeated drinking and driving endangered society. According to defendant, such statements suggest that the trial court improperly made an independent finding of defendant's guilt on the charge of operating while visibly impaired—a charge for which he was acquitted—and then used that finding as a basis for imposing a harsher sentence. We disagree. "Although a trial court may not make an independent finding of guilt with respect to a crime for which a defendant has been acquitted, and then sentence the defendant on the basis of that finding, the court in fashioning an appropriate sentence may consider the evidence offered at trial, including other criminal activities established even though the defendant was acquitted of the charges . . . ." *People v Compagnari*, 233 Mich App 233, 236; 590 NW2d 302 (1998)(internal citation omitted). See also *People v Shavers*, 448 Mich 389, 393-394; 531 NW2d 165 (195) (highlighting the difference between an independent finding of guilt and the mere consideration of evidence in the record as an aggravating factor in deciding an appropriate sentence). Here, the trial court's statements were consistent with the evidence introduced at trial and contained in the presentence investigation report. As such, there is no support for defendant's assertion that the trial court made an independent finding of guilt on a

charge for which he was acquitted.  Because defendant's sentence fell within the legislative guidelines, it must be affirmed.  MCL 769.34(10).

We affirm.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Jane E. Markey