# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MGR, Minor.

FOR PUBLICATION
February 27, 2018
9:20 a.m.

Nos. 338286; 340203
Oakland Circuit Court
Family Division
LC No. 2016-842995-AD

Before: TALBOT, C.J., and MURRAY and O'BRIEN, JJ.

MURRAY, J.

These consolidated appeals[1] involve concurrent adoption and paternity proceedings. In Docket No. 338286, we affirm the trial court's decision in part, but dismiss as moot the second issue appellants, the prospective adoptive parents, raise on appeal. We also dismiss as moot the appeal in Docket No. 340203.

## I. FACTS AND PROCEDURAL HISTORY

MGR was born on June 5, 2016, and immediately placed by his mother in the custody of appellants through Morning Star Adoption Center. Appellants then filed a petition for direct placement adoption, listing appellee as MGR's putative father.[2] Meanwhile, appellee initiated simultaneous proceedings by filing a notice of intent to claim paternity, and expressing his desire to seek custody of MGR.[3]

---

[1] *In re MGR*, unpublished order of the Court of Appeals, entered October 18, 2017 (Docket Nos. 338286 and 340203).

[2] Neither the Adoption Code, MCL 710.22, nor the Paternity Act, MCL 722.711, defines the term "putative father." However, this Court defined putative father for purposes of the Paternity Act as "a man reputed, supposed, or alleged to be the biological father of a child." *Girard v Wagenmaker*, 173 Mich App 735, 740; 434 NW2d 227 (1988), rev'd on other grounds 437 Mich 231 (1991). We see no reason why this same definition should not apply to that term under the Adoption Code.

[3] The paternity proceedings were initially filed in Macomb County, but were later moved to Oakland County.

-1-

On March 24, 2017, the trial court commenced a hearing under MCL 710.39 (Section 39) of the Adoption Code,[4] during which appellee appeared by telephone. However, on April 17, 2017, the trial court entered an order indicating it would take no further action in the adoption case until a resolution was reached in the paternity action. Appellants appealed that order, and a panel of this Court granted their motion for immediate consideration, *In re MGR*, unpublished order of the Court of Appeals, entered May 19, 2017 (Docket No. 338286), and ordered the trial court to continue the adoption proceedings by scheduling a Section 39 hearing, *In re MGR*, unpublished order of the Court of Appeals, entered May 31, 2017 (Docket No. 338286).

The trial court recommenced the Section 39 hearing in the adoption proceedings on August 7 and 8, 2017, and issued its opinion and order on September 14, 2017. It first concluded that although appellee did not appear in person at the March 24, 2017 hearing, he properly appeared via telephone and expressed his intent to pursue custody if a paternity test determined him to be MGR's father. Further, the trial court determined that appellee was a "do something" father, and declined to terminate his parental rights under MCL 710.39(2).

## II. ANALYSIS

### A. DOCKET NO. 338286

In Docket No. 338286, appellants appeal as of right the trial court's April 17, 2017 order adjourning the adoption proceedings pending resolution of appellee's paternity action. They first argue that the court committed clear legal error by failing to terminate appellee's parental rights because he did not personally appear and contest custody during the initial Section 39 hearing. Secondly, appellants argue that the trial court erred when it adjourned the adoption proceedings because appellee did not request an adjournment, and failed to demonstrate the good cause necessary to warrant an adjournment. For the reasons stated in Judge O'Brien's partial dissenting opinion, we (1) affirm the trial court's conclusion that appellee properly appeared at the Section 39 hearing, and (2) dismiss as moot appellants' argument that the court erred when it adjourned the adoption proceedings.

### B. DOCKET NO. 340203

In Docket No. 340203, appellants appeal as of right the trial court's September 14, 2017 opinion and order declining to terminate appellee's parental rights pursuant to MCL 710.39(2). Specifically, appellants assert that the trial court erroneously found that appellee provided substantial and regular support or care to MGR's mother during her pregnancy, such that his parental rights cannot be terminated under MCL 710.39(2). This issue is, likewise, moot.

"An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief." *City of Jackson v Thompson-McCully Co, LLC*, 239 Mich App 482, 493; 608 NW2d 531 (2000). Generally, appellate courts do not decide moot issues. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998).

---

[4] MCL 710.21 *et seq*.

Through this appeal, appellants are seeking reversal of the trial court's application of MCL 710.39(2), based on the argument that under the facts appellee was a "do nothing" father, thus warranting application of MCL 710.39(1), rather than MCL 710.39(2). If they were to succeed in this argument, on remand, the trial court would be required to apply the termination provisions of MCL 710.39(1). But, as explained below, an order of filiation entered after the order on appeal "renders it impossible for the court, if it should decide in favor of [appellants], to grant relief" under that statutory provision. *City of Jackson*, 239 Mich App at 493. The appeal is therefore moot.

After the trial court entered its opinion and order declining to terminate appellee's parental rights under MCL 710.39(2), the same court entered an order of filiation in the separate paternity action, declaring appellee to be MGR's biological and, therefore, legal father. Accordingly, appellee is no longer a putative father, and neither we nor the trial court can grant relief under MCL 710.39(1) and (2), which both exclusively address termination of a *putative father's* rights during the course of an adoption. As appellee is now considered a legal parent, his rights can only be terminated pursuant to MCL 712A.19b. See *In re MKK*, 286 Mich App 546, 558; 781 NW2d 132 (2009) ("Once a man perfects his legal paternity, he is considered a 'parent,' with all the attendant rights and responsibilities, and termination of his parental rights can generally only be accomplished in cases of neglect or abuse under MCL 712A.19b."). A remand to address statutory provisions that pertain to putative fathers, when there is no longer a putative father in this case, would provide no proper legal remedy at all.

Appellants argue that certain provisions of the Adoption Code (MCL 710.36, MCL 710.37, and MCL 710.39) address termination of a legal father's parental rights, so an order of filiation does not render moot the proceedings under the Code. This argument focuses on the wrong issue. Whether these other sections can affect a legal father's rights under the Code has no impact on whether, on remand, a remedy to appellants would exist *under MCL 710.39* in light of the order of filiation. The answer to that question solely involves what Section 39 governs. And, as we have previously stated, when it comes to terminating the parental rights of a legal father so that an adoption can move forward, the provisions of Section 39 simply do not apply. *In re MKK*, 286 Mich App at 558.[5]

For a couple of reasons, we disagree with appellants' argument that the order of filiation cannot control the disposition of this adoption appeal because proceedings under the Adoption Code take precedence over separate paternity actions. See generally MCL 710.21a. For one, that argument is contradicted by this Court's decision in *In re MKK*. Additionally, although the Legislature has indicated that adoption proceedings should generally have the highest priority on

---

[5] Although MCL 710.36(1) does authorize trial courts to conduct hearings to determine the identity of a child's father where the release or consent of the natural father cannot be obtained, appellants appear to ignore that portion of MCL 710.36(1) which further provides that as part of the hearing, the court may terminate the rights of that father as provided in Sections 37 and 39 of the Adoption Code. MCL 710.37 and MCL 710.39 apply only to putative fathers, and as provided above, appellee is no longer a putative father. He is MGR's biological and legal father.

court dockets "so as to provide for their earliest *practicable* disposition," MCL 710.25(1) (emphasis added), no statutory provision has been pointed out to us *mandating* that adoption proceedings must *always* be completed before a determination in a parallel paternity proceeding. MCL 710.25(2) in fact creates an exception to the general rule, allowing for the adjournment of adoption proceedings upon a showing of good cause. The *In re MKK* Court held that good cause to adjourn an adoption hearing can be established by the existence of a timely paternity action:

> in cases . . . where there is no doubt that [the] respondent is the biological father, he has filed a paternity action without unreasonable delay, and there is no direct evidence that he filed the action simply to thwart the adoption proceedings, there is good cause for the court to stay the adoption proceedings and determine whether the putative father is the legal father, with all the attendant rights and responsibilities of that status. [*In re MKK*, 286 Mich App at 562.]

Importantly, the Court also acknowledged:

> [W]hile a stated purpose of the Adoption Code is to "safeguard and promote the best interests of each adoptee," upholding the rights of the adoptee as paramount to those of any other, see MCL 710.21a(b), the general presumption followed by courts of this state is that the best interests of a child are served by awarding custody to the natural parent of parents, see e.g., *Hunter v Hunter*, 484 Mich 247, 279; 771 NW2d 694 (2009) (holding that "the established custodial environment presumption in MCL 722.27[1][c] must yield to the parental presumption in MCL 722.25[1]"). Thus, giving a paternity action priority over an adoption proceeding does not necessarily conflict with protecting the best interests of the child. [*In re MKK*, 286 Mich App at 562-563 (alterations in original).]

Although appellants disagree with the conclusion set forth in *In re MKK*, it is a binding decision that has not been rejected by this Court or the Michigan Supreme Court.[6]

We also do not share appellants' concern that trial courts will purposefully insulate their adoption decisions by subsequently entering an order of filiation that, under our decision today, would moot the appeal of the earlier adoption decision. Rather, we employ the well-earned presumption that trial courts act properly in accord with their constitutional duties. *People v*

---

[6]The recent Supreme Court order in *In re LMB*, ___ Mich ___; 905 NW2d 598 (2018), a case likewise involving separate adoption and paternity actions, does not affect our decision. There, subsequent to a decision of this Court dismissing as moot the prospective adoptive parents' appeal from the trial court's order declining to terminate the respondent father's parental rights pursuant to MCL 710.39(1), *In re LMB*, unpublished per curiam opinion of the Court of Appeals, issued September 14, 2017 (Docket No. 338169), p 1-2, a separate panel of this Court peremptorily reversed a separate trial court's refusal to stay the putative father's paternity action pending final resolution of the adoption case, *Sarna v Healy*, unpublished order of the Court of Appeals, entered December 18, 2017 (Docket No. 341211). The same procedural circumstances do not exist in this case.

*Purcell*, 174 Mich App 126, 129; 435 NW2d 782 (1989). Nothing in the record before us suggests that the trial court acted improperly in deciding the paternity case once it had resolved the Section 39 issue.[7]

Based on the foregoing, in Docket No. 338286, we affirm that portion of the trial court's April 17, 2017 opinion and order concluding that appellee properly appeared via telephone at the Section 39 hearing, but dismiss as moot appellants' argument that the trial court erred when it adjourned the adoption proceedings. We also dismiss as moot the appeal in Docket No. 340203.

/s/ Christopher M. Murray
/s/ Michael J. Talbot

---

[7] Interestingly, appellants' theory could only occur if the adoption issue was decided first, something appellants advocate should occur in every case.