*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TODD LOUIS ISON,

      Defendant-Appellant.

UNPUBLISHED
February 25, 2020

No. 343530
Wayne Circuit Court
LC No. 17-006585-01-FC

ON REMAND

Before: LETICA, P.J., and M. J. KELLY and BOONSTRA, JJ.

LETICA, P.J., (*concurring*).

Sans the paragraph discussing *People v Shavers*, 448 Mich 389, 393; 531 NW2d 165 (1995), *People v Compagnari*, 233 Mich App 233, 236; 590 NW2d 302 (1998), and *People v Coulter (After Remand)*, 305 Mich App 453, 456; 517 NW2d 827 (1994), I agree that defendant's sentence is proportionate and does not run afoul of *People v Beck*, 504 Mich ___; ___ NW2d ___ (2019), cert pending. In response to the *Beck* dissent, which cited to *Coulter (After Remand)*, the majority stated:

> [T]o the extent the distinction the dissent wants to draw between sentencing a defendant more harshly based on the conclusion that the defendant committed an offense of which he was acquitted and sentencing a defendant "while considering conduct that supported the acquitted charge" is a meaningful one (and we are not convinced it is), this case plainly involves the former. [*Beck*, 504 Mich at ___, slip op at 21, n 24.]

As explained by the majority here, the sentencing court did not rely on acquitted conduct; instead, it relied upon the victim's real-time 911 call before imposing an out-of-guidelines sentence because of defendant's perjurious trial testimony and his patently false statement in the presentence investigation report. *People v Houston*, 448 Mich 312, 324; 532 NW2d 508 (1995) ("In imposing sentence, a trial court may consider a defendant's own perjury where there is a rational basis in the

record for concluding that the defendant willfully made a flagrantly false statement on a material issue.").


/s/ Anica Letica